CRAWFORD MAXWELL *vs.* ANDREW COCHRAN & others.
SAME *vs.* JOHN CLARKE & another.

Suffolk.   Jan. 23. — Oct. 20, 1883.   FIELD & W. ALLEN, JJ., absent.

A creditor, who is not a resident of this Commonwealth at the time of the first
publication of proceedings in insolvency against his debtor, and whose debt is
provable, but is not proved in such proceedings, cannot maintain a bill in equity,
under the Gen. Sts. *c.* 113, § 2, *cl.* 11, brought after the debtor's discharge in
insolvency, to reach and apply, in payment of the debt, the interest of the
debtor in the assets of a copartnership of which he is a member, acquired since
such first publication.

TWO BILLS IN EQUITY, filed November 1, 1881, under the
Gen. Sts. *c.* 113, § 2, *cl.* 11, to reach and apply, in payment of
debts due to the plaintiff from the first-named defendant in each
suit, their respective interests in the assets of a copartnership
composed of themselves and the other defendants.   The cases
were heard before *C. Allen*, J., who ordered a decree for the
plaintiff in each case; and the defendants appealed to the full
court.   The facts sufficiently appear in the opinion.

*M. Storey & B. L. M. Tower*, for the plaintiff.

*D. C. Linscott*, ( *C. S. Lincoln* with him,) for the defendants.

DEVENS, J.   Without discussing or deciding whether a credi-
tor would ordinarily be entitled to proceed under the Gen. Sts.
*c.* 113, § 2, *cl.* 11, against his debtor and the firm in whose
assets, as a member, he is alleged to have a valuable interest, a
majority of the court are of opinion that, upon the special facts
as they appear in the case at bar, a court of equity should not
assist nor permit the plaintiff to avail himself of this remedy.
The debtor Cochran obtained his discharge in insolvency pre-
viously to the commencement of this suit.   The debt alleged to
be due the plaintiff was provable against his estate, but, not
having been proved, the discharge is not a bar to the plaintiff's
claim, as he was not a resident of the State at the time of the
first publication of notice of insolvency proceedings. *Kelley*
v. *Drury*, 9 Allen, 27.   *Stoddard* v. *Harrington*, 100 Mass. 87.
There is no suggestion that the plaintiff seeks to reach any
property of the debtor except that which he has acquired since
this first publication.   Under the Gen. Sts. *c.* 118, § 78, it is
provided that " the property and estate of the debtor by him

acquired subsequently to the time of the first publication of the notice of the issuing of the warrant, shall not be subject to attachment, by trustee process or otherwise, in any suit to recover a debt which may have been so provable and due to any person or persons not resident in this State at the time of such first publication," &c.   That this statute invades no right of the foreign creditor must be conceded.   It affects merely the remedy or mode of proceeding to enforce the payment of a debt which, in favor of the creditor residing in another State, is treated as still affording an existing cause of action.   *Choteau* v. *Richardson*, 12 Allen, 365.   The statutory proceeding which we are considering has been spoken of sometimes as an equitable trustee process, as by Mr. Justice Soule in *Phœnix Ins. Co.* v. *Abbott*, 127 Mass. 558, where he says that it "has been regarded as in the nature of an equitable trustee process, as distinguished from a creditors' bill;" or as an equitable attachment, as by Chief Justice Gray in *Chapman* v. *Banker & Tradesman Publishing Co.* 128 Mass. 478, where he remarks: " Such a bill is in the nature of an equitable attachment, brought by a single creditor for his own benefit, and in which other creditors cannot be admitted to join as plaintiffs, or to share in the benefits of the decree."   It is certainly a proceeding which, if it may be successfully maintained, enables the creditor, before obtaining any judgment at law, to sequestrate and set aside for his individual benefit assets of the debtor.   It is not important that, in the case at bar, no temporary injunction was issued, as the plaintiff requested, forbidding any transfer of property until the final decree.   If the bill is maintained, the rights of the parties to the suit were fixed at the time of notice of the *lis mota*, and could not be changed by transfers *pendente lite ;* and the bill would operate as an equitable attachment.   It would be to give quite too narrow a construction to the statute forbidding to certain creditors attachments " by trustee process or otherwise," to limit it strictly to attachments in suits at law, and to hold that, under the statute permitting an equitable attachment or trustee process, it was the duty of a court of equity to allow these creditors to achieve a precisely similar result.

The object of the Gen. Sts. *c.* 118, § 78, was to prevent the subsequently acquired property of the debtor who had been

discharged in insolvency from being seized or held in any manner for the payment of his debts until the non-resident creditor should have obtained his judgment thereon at law. The statutory proceeding under which this bill is sought to be maintained was intended to remedy a deficiency where no means of actual attachment existed, and it should not be allowed to operate so as to place a non-resident creditor in a better position than he would be in if the debtor held his subsequently acquired property openly in his own possession.

The second case is in no respect distinguishable from the first, (which we have more immediately considered,) and requires no additional comment.

For the reasons stated, the entry should be

*Bills dismissed.*