SAMUEL H. EMERY, JR., trustee, *vs.* DAVID H. BIDWELL & another.

Suffolk. March 17. — Oct. 23, 1885. W. ALLEN, HOLMES, & GARDNER, JJ., absent.

A creditor, who has an attachment in an action at law begun by a trustee process, cannot maintain a bill for discovery, in aid of such attachment, to obtain evidence to contradict the answers made by the trustee in the trustee process, even though the trustee is an administrator, and his answers are in respect to matters of which he has no personal knowledge.

A bill in equity will not lie, under the Pub. Sts. c. 151, § 2, cl. 11, to reach and apply, in payment of a debt, the debtor's distributive share of an intestate estate, which is in the hands of the administrator.

A bill in equity brought for relief as well as for discovery, which is not maintainable for relief, cannot be maintained for discovery.

BILL IN EQUITY, filed January 17, 1884, against David H. Bidwell, and Nathan W. Harris, administrator of the estate of Henry A. Bidwell, alleging the following facts:

On January 1, 1881, David H. Bidwell made four promissory notes, payable, with interest, in six, eight, ten, and twelve months after date, respectively, to the order of Comstock, Castle, and Company. These notes, amounting in all to $1658, were indorsed by the payees to the plaintiff, and the defendant Bidwell owes the plaintiff the amount thereof, with interest.

The defendant Bidwell is the son of Henry A. Bidwell, who died intestate, leaving real and personal estate of great value, in which the defendant Bidwell has a distributive share. The defendant Harris is sole administrator of the estate, and no distribution of it has yet been made.

On September 5, 1882, the plaintiff brought an action on the promissory notes, against David H. Bidwell, in the Superior Court, in which action Harris, as administrator, was summoned as trustee. In answer to interrogatories, the trustee alleged that the defendant Bidwell was indebted to his father's estate, on certain promissory notes, to the amount of $6410.71, with interest thereon, and that said sum, with interest, being set off against the share or claim of the defendant, as heir or distributee of his said father, would exceed his distributive share in the estate. On the filing of these answers, the plaintiff applied to the court to frame issues to try the validity of the notes last mentioned ; but the court refused the application.

Early in 1880, the defendant Bidwell went to Colorado and started in business, and obtained goods, wares, and merchandise on credit, representing that he had a large capital and was thoroughly solvent and entitled to credit. Among the goods so obtained were the goods for which the notes, now held by the plaintiff, were given in 1881. Bidwell bought and improved certain parcels of real estate in Colorado; and in November, 1880, made an assignment of all his property in Colorado, and by said assignment preferred his father, Henry A. Bidwell, and certain other creditors, but did not prefer the payees or holders of said last-mentioned notes. Bidwell, prior to the assignment, gave to Henry A. first mortgages, for a large amount, on his Colorado land. The assignee under said assignment has sold the assigned property for a sum sufficient to pay all the preferred claims ; and the land covered by said mortgages is worth, at a fair market value, more than the amount of the mortgages.

The first note signed by the defendant Bidwell, and payable to Henry A. Bidwell, was either never delivered to Henry A. Bidwell for a valuable consideration, or, if it was ever so delivered to him, it is amply secured by said assignment and mortgages; and the other notes were either never delivered to Henry A. Bidwell, or, if they were ever delivered to him, were each and all made and delivered by David H. Bidwell wholly without consideration, and for the fraudulent purpose of covering up and concealing the distributive share of David in his father's estate, and of preventing the creditors of said David H. from having recourse to said share for the collection of their just claims. If the last-named notes were ever delivered to Henry, he accepted the same well knowing that each and all of them were wholly without consideration, and fraudulent and void, and combining and conspiring with David to defraud said David's creditors as aforesaid.

On a true showing of the accounts between David H. Bidwell and Henry A. Bidwell, it will appear that the said David did not owe the said Henry at the times at which the said notes purport to have been made and delivered, and at the time of the death of said Henry, the amounts represented by said notes; and it will further appear that said Henry at the time of his death held good and sufficient security for all the validly subsisting notes and obligations of said David to said Henry, and for all the other indebtedness of said David to said Henry; and that the said notes, or some of them, were made wholly without consideration, and are fraudulent and void.

The defendant Bidwell has no property which can be come at to be attached or taken on execution in a suit at law against him.

The defendant Bidwell, or the defendant Harris, or both of them, have in their possession, custody, or power certain books, papers, documents, or writings relating to the allegations or charges in this bill, and by which, if produced, the truth thereof, or of some part thereof, will appear.

Henry A. Bidwell died in March or April, 1882, and the defendant Harris was appointed administrator of his estate at some time prior to July 1, 1882. No application has been made to the probate court to determine the validity of the notes

payable to Henry A. Bidwell, or to set off the same against the distributive share of the defendant Bidwell, but the defendant Harris pretends that it is his intention to make such application; and the plaintiff says that the discovery sought to be obtained by this suit will be of material benefit to him if any proceeding to try the validity of said notes is commenced in the probate court, and that said discovery cannot be had in said court.

The bill contained twenty interrogatories relating to the validity of the notes of the defendant Bidwell held by the defendant Harris, and to the assignment in Colorado.

The prayer of the bill was, that the defendants be required to answer the interrogatories; that the notes held by Harris be delivered up to be cancelled; or, if any of them were valid, that Harris be required to exhaust all other securities for said liabilities before applying David's distributive share of his father's estate; and for further relief.

The defendants demurred to the bill for want of equity.

The case was heard, on the bill and demurrer, by *Field*, J., who sustained the demurrer. The plaintiff appealed to the full court.

*S. H. Emery*, Jr., (*E. W. McClure* with him,) for the plaintiff.
*W. F. Slocum*, for the defendants.

C. ALLEN, J. The remedy which the statutes furnish to a creditor, by way of trustee process, is subject to the express statutory limitation, that " the answers and statements sworn to by a trustee shall be considered as true in deciding how far he is chargeable, but either party may allege and prove any facts, not stated nor denied by the trustee, that may be material in deciding that question." Pub. Sts. *c.* 183, § 17. In construing the similar provision in earlier statutes, it has been held in several cases that facts stated upon information and belief, in the answers of a trustee, are to be conclusively taken as true; and this is so, even though an adverse claimant has appeared in the case to maintain his right. *Clinton National Bank* v. *Bright*, 126 Mass. 535, and cases cited. Nor can a plaintiff be allowed to put interrogatories to the person summoned as trustee, with a view merely to contradict or impeach his testimony. *Nutter* v. *Framingham & Lowell Railroad*, 131 Mass. 231.

In the present case, the plaintiff in his bill sets forth that the trustee in his answer alleged that the defendant was indebted to his father's estate, at the time of his father's decease, upon four promissory notes in the sum of $6410.71, with interest thereon ; and that said sum, with interest, being set off against the share or claim of the defendant, as heir or distributee of the estate of his said father, will exceed his distributive share in the estate. The plaintiff thereupon proceeds to set forth, in substance, that this statement of the trustee was not true ; and that the defendant did not owe to his father's estate the amounts represented by said notes, but that the notes, or some of them, were made without consideration, and are fraudulent and void. The plaintiff thus seeks to contradict the answers of the trustee, which cannot be done. As a bill in aid of the trustee process, and for the removal of an obstruction or impediment placed by the trustee in the creditor's way, it cannot be maintained. If the plaintiff can show that the trustee has answered falsely, he has another remedy, by an action against the trustee, under § 20.

Nor can the bill be maintained under the Pub. Sts. *c.* 151, § 2, *cl.* 11, to reach and apply property which cannot be come at to be attached. The property in question is such as in its nature can be come at to be attached, and the trustee process is the proper remedy for that purpose. Pub. Sts. *c.* 183, § 22. *Wheeler* v. *Bowen,* 20 Pick. 563. *Boston Bank* v. *Minot,* 3 Met. 507. *Vantine* v. *Morse,* 104 Mass. 275. The plaintiff's difficulty is, that, in pursuing this appropriate remedy, he encounters the oath of the trustee upon the vital point; but this does not bring his case within *cl.* 11 of the Pub. Sts. *c.* 151, § 2, which stands and must be construed with the Pub. Sts. *c.* 183, §§ 17, 22, already referred to, and which was not designed to enable a creditor to evade their effect by resorting to another form of remedy, under which he could contradict the oath of the administrator.

Nor can the bill be maintained as a bill for discovery. It is brought primarily for relief, and incidentally for discovery, and, not being maintainable for relief, cannot be maintained for discovery. Moreover, the St. of 1883, *c.* 223, § 10, provides that an answer to a bill shall not be sworn to, except in cases of bills filed for discovery only ; and besides, if a discovery were

obtained of facts inconsistent with the trustee's answers, it would not be available to charge him in the action.

The remedy of the plaintiff is limited by the statutory provisions respecting the trustee process. Independently of his attachment, his only right to inquire in a court of equity, for his own sole benefit, into the transactions between the defendant and his father, is that conferred by the Pub. Sts. c. 151, § 2, cl. 11; and his case does not come within that statute. As an attaching creditor, he is bound by the trustee's answers.

*Bill dismissed.*