GEORGE W. VENABLE & another *vs.* CHARLES RICKENBERG & another.

Suffolk.    March 27, 1890. — June 21, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Equitable Attachment — Insolvent Debtor — After acquired Debt — Trustee Process — Non-resident Creditor.*

A bill in equity cannot be maintained to reach property in its nature attachable only by trustee process where trustee process will not lie.

The limitation of jurisdiction in equity by the Pub. Sts. c. 151, § 2, cl. 11, relates to property of such a nature that it cannot be attached or taken on execution in actions at law, and is applicable to suits brought under the general equity jurisdiction to collect judgments obtained at law.

A non-resident creditor, whose claim, though provable, was not proved against an estate in insolvency, but has been reduced to a judgment, cannot maintain a bill in equity under the Pub. Sts. c. 151, § 2, cl. 11, to reach and apply in payment of the judgment a debt which became due to the debtor, who has obtained his discharge, after the insolvency proceedings were begun.

BILL IN EQUITY, inserted in a writ dated May 10, 1889, and filed in the Superior Court by George W. Venable and Moses J. Heyman, both residents of the State of New York and doing business there under the firm name of Venable and Heyman, against Charles Rickenberg of Boston and the Traders' National Bank doing business in the same city, alleging that on December 23, 1887, the plaintiffs duly recovered judgment in this Commonwealth against the defendant Rickenberg, on which execution issued and was returned unsatisfied; that on April 7, 1886, Rickenberg, then being a resident of Boston, filed in the Court of Insolvency a voluntary petition in insolvency, upon which, on April 7, 1886, a warrant duly issued from that court, and the first publication of the notice of the issuing thereof was made on April 9, 1886; that on November 26, 1886, pursuant to proceedings duly had, Rickenberg received his discharge in insolvency; that the claim on which the judgment was recovered by the plaintiffs accrued and was payable prior to the issuing of the warrant and to the first publication of the notice of the issuing thereof, and was provable against the estate of Rickenberg in insolvency, but that the claim was not proved in said

proceedings ; that the plaintiffs herein were at the time of the first publication of the notice of the issuing of the warrant, and thereafter continuously hitherto have been, residents of the State of New York; that Rickenberg had deposited in the defendant bank large sums of money, securities, and other property, for which the bank was indebted to him and to which he was entitled and in which he had the whole beneficial interest ; that all of such property, securities, and money were acquired by Rickenberg subsequent to the first publication of the notice of the issuing of such warrant; and that the plaintiffs had no remedy at law, and no other means of satisfying the execution and the indebtedness of Rickenberg to them.

The prayer of the bill was, that the bank might be enjoined from paying to Rickenberg, or his order, any of the money or other property held by it for him, or in which he had any interest ; that such moneys or other property might be applied in satisfaction of the plaintiffs' claim against Rickenberg ; and that pending the bill he might be enjoined from in any way disposing of such money, or other property deposited with the bank, otherwise than by directing the same to be paid to the plaintiffs.

The defendant Rickenberg demurred to the bill, on the ground that the plaintiffs had a plain, adequate, and complete remedy at law by trustee process, and for want of equity.   The Superior Court sustained the demurrer, and dismissed the bill ; and the plaintiffs appealed to this court.

*L. D. Brandeis & W. H. Dunbar,* for the plaintiffs.

*G. F. Williams,* for Rickenberg.

FIELD, J.   The plaintiffs recovered judgment against Rickenberg on December 23, 1887.   The claim on which the judgment was recovered, became due- and payable before the first publication of the notice of the issuing of the warrant in the proceedings in insolvency, which were instituted by Rickenberg on April 7, 1886; and although this claim was provable against the estate of Rickenberg in insolvency, it was not proved.   The debt due from the Traders' National Bank to Rickenberg, which the plaintiffs seek to reach and apply to the payment of their judgment is " property and estate " acquired by Rickenberg subsequently to the time of the first publication of the notice of the issuing of the warrant.   Pub. Sts. c. 157, § 83.   The plaintiffs

at the time of the first publication of the notice were, and ever since have been, residents of the State of New York, and Rickenberg was and is a resident and citizen of the Commonwealth of Massachusetts.

It is conceded, as we understand, by the counsel for the plaintiffs, that but for the provision of the Pub. Sts. c. 157, § 83, the debt due from the bank to Rickenberg could be attached by the plaintiffs by trustee process, and it must be inferred from the allegations of the bill that this debt is of such a nature that it could be attached by trustee process, by any person who has a similar cause of action on which he has a right to attach the property of Rickenberg. If § 83 of c. 157 of the Pub. Sts. is constitutional and valid, the plaintiffs cannot attach this debt in a suit on their judgment " by trustee process or otherwise "; if that section is void in its application to non-resident creditors, the plaintiffs can attach this debt by trustee process; under either view, there is no jurisdiction in equity. The statute prohibits certain remedies to these plaintiffs for the collection of a debt due from an insolvent debtor in Massachusetts who has obtained his discharge. An attachment in equity is within the prohibition, and the statute cannot be avoided by a change in the form of proceedings. *Maxwell* v. *Cochran*, 136 Mass. 73.

This suit cannot be regarded as a method of levying an execution on a judgment obtained at law. Jurisdiction in equity to entertain bills like this is expressly limited to bills to reach and apply property " which cannot be come at to be attached or taken on execution in a suit at law." Pub. Sts. c. 151, § 2, cl. 11. This means property which is of such a nature that it cannot be attached or taken on execution in a suit at law. We must hold that the same limitation attaches in this Commonwealth to suits brought under the general equity jurisdiction of the court to collect a judgment obtained at law. If the property in its nature is attachable by trustee process, a suit in equity cannot be maintained to reach and apply it in payment of a debt of a special kind, which by the statutes cannot be collected by an attachment of this property either " by trustee process or otherwise." Debts can be attached by trustee process in actions at law only, and only certain actions at law can be begun by trustee process. Pub. Sts. c. 183, § 1. Legal causes of

action which cannot be prosecuted by trustee process cannot be prosecuted in equity to reach property in its nature attachable by trustee process, because trustee process will not lie. To hold otherwise would be to contravene the will of the Legislature. For the same reason, if it be true that the Pub. Sts. c. 157, § 83, do not leave the plaintiffs in this case any adequate remedy at law, equity cannot supply the deficiency. *Schlesinger* v. *Sherman*, 127 Mass. 206. *Emery* v. *Bidwell*, 140 Mass. 271. *Wilson* v. *Martin - Wilson Automatic Fire Alarm Co.* 149 Mass. 24.

We must decline to consider whether the Pub. Sts. c. 157, § 83, are inconsistent either with the Constitution of the United States or with the Constitution of the Commonwealth, because a determination of these questions is not necessary to the decision of the case.                    *Bill dismissed.*