TRAVELERS INSURANCE COMPANY *vs.* JAMES F. MAGUIRE & trustees.

VAUGHN CALLAHAN *vs.* ROBERT E. MAGUIRE & others.

Suffolk.    March 20, 1914. — June 17, 1914.

Present: RUGG, C. J., HAMMOND, LORING, SHELDON, & CROSBY, JJ.

*Trustee Process. Equity Jurisdiction,* To reach and apply equitable assets. *Partition,* Funds in hands of commissioner.

The interest of one of the tenants in common of certain real estate, which was sold by a commissioner appointed by the Probate Court under R. L. c. 184, §§ 31, 47, to make partition of it, in the proceeds from the sale of such real estate in the hands of the commissioner is not subject to attachment by trustee process under R. L. c. 189, § 31, cl. 3, which provides that "no person shall be adjudged a trustee . . . by reason of having money in his hands as a public officer, for which he is accountable to the defendant merely as such officer."

An interest in a fund, derived from a sale of real estate upon a petition for partition, which is in the hands of a commissioner appointed in such proceedings, cannot be reached and applied by a suit in equity under R.L. c. 159, § 3, cl. 7, to the payment of a debt due from one of the tenants in common of the real estate so sold, as that statute does not extend to a fund in the custody of the law.

Rugg, C. J.    The defendant Maguire was a tenant in common with others of certain real estate.    Upon a petition for partition a commissioner to make partition by sale was appointed by the Probate Court of Suffolk County, who, in accordance with the terms of the warrant, made a sale of the real estate and received a sum in excess of $10,000, for which he is accountable as such commissioner.    The court has not yet confirmed the sale, nor made allowance for expenses and services of the commissioner.

The Travelers Insurance Company attached by trustee process in an action against Maguire the share to which he may be entitled in the hands of the commissioner.    The only question presented in this action is whether such funds thus can be attached.

This money is not subject to attachment by trustee process. Under St. 1794, c. 65, relating to trustee process, it was held that executors and administrators could not be summoned as trustees, *Barnes* v. *Treat*, 7 Mass. 271, and *Brooks* v. *Cook*, 8 Mass. 246, although not expressly exempted therefrom, on the ground that legacies and distributive shares were not goods, effects or credits of the debtor deposited with or entrusted to the executor or administrator, but rather were funds in his hand by operation of the law itself and not by virtue of any contract or other voluntary relation established by act of the parties.    The same rule had been held applicable to sheriffs.    *Wilder* v. *Bailey*, 3 Mass. 289.    *Chealy* v. *Brewer*, 7 Mass. 259.    It is stated in the report of the commissioners appointed to revise the general statutes of the Commonwealth, that it was intended to express by Rev. Sts. c. 109, § 30, cl. 3, (now R. L. c. 189, § 31, cl. 3,) the law as it had been declared in these several decisions, except that by § 62 (R. L. c. 189, § 20) executors and administrators expressly were made subject to trustee process.    The same principle later has been held applicable to a guardian, *Gassett* v. *Grout*, 4 Met. 486, an assignee in insolvency, *Colby* v. *Coates*, 6 Cush. 558, *Dewing* v. *Wentworth*, 11 Cush. 499, a constable, *Robinson* v. *Howard*, 7 Cush. 257, a police officer, *Morris* v. *Penniman*, 14

Gray, 220, a trial justice, *Burnham* v. *Beal,* 14 Allen, 217, a town owing statutory compensation to a public officer, *Walker* v. *Cook,* 129 Mass. 577, a receiver, *Columbian Book Co.* v. *De Golyer,* 115 Mass. 67, a trust company holding on deposit under order of the Probate Court a distributive share due an heir, *Chase* v. *Thompson,* 153 Mass. 14, and an assignee in insolvency holding money due a mortgagee by reason of having sold under order of court the property to which the mortgage lien attached, *Thayer* v. *Tyler,* 5 Allen, 94. In the latter case it was said, "that no person, deriving his authority from the law, and obliged to execute it according to the rules of law, can be held by the trustee process, except so far as he is expressly made liable by statute."

This statement of the principle amply covers the case at bar. The commissioner derives all his powers from the statutes which authorize the appointment of such officers by the Probate Court, prescribe their functions and require the execution thereof to conform exactly to their terms and to be approved by the court. No statute has made such an officer subject to trustee process. It follows that the order discharging the trustee was right and according to the terms of the report it is

*Affirmed.*

Vaughn Callahan brought a bill in equity under R. L. c. 159, § 3, cl. 7, seeking to reach and apply in satisfaction of a debt due him from Maguire the latter's share in the proceeds of the sale in the hands of the commissioner. The remedy provided by this statute often has been referred to as an equitable trustee process. It is a relief resting wholly upon the statute and not belonging to any branch of general chancery jurisprudence. *Stockbridge* v. *Mixer,* 215 Mass. 415. *Pettibone* v. *Toledo, Cincinnati, & St. Louis Railroad,* 148 Mass. 411. The relief afforded of reaching property not otherwise accessible by legal process is the single feature which renders proper its statutory classification under equity jurisdiction. In its essential nature the remedy thus afforded is the same as that given by the trustee process in an action at law. The same general principles have been applied in determining whether the equitable process lies as in deciding whether attachment could be made by trustee process in an action at law. This is illustrated by *Tuck* v. *Manning,* 150 Mass. 211, where *Wilder* v. *Bailey,* 3 Mass. 289, and like cases were relied on in

reaching the conclusion that resort could not be had to the equitable remedy to reach and apply money in the hands of a clerk of court due to the principal defendant. In *Commonwealth* v. *Hide & Leather Ins. Co.* 119 Mass. 155, it was said by Gray, C. J., that this statute "does not extend to property which is not in the control of the debtor, nor put by him into the custody of a third person, but which is in the hands of officers of the law for distribution under proceedings provided by statute for that purpose." That decision was adopted and followed in *Tuck* v. *Manning*, 150 Mass. 211, and *Williston Seminary* v. *Easthampton Spinning Co.* 186 Mass. 484, and was recognized in *Adamian* v. *Hassanoff*, 189 Mass. 194, although there a different principle was followed. It was the ground of decision in the recent case of *Berlin Mills Co.* v. *Lowe*, 211 Mass. 28. It is decisive against the plaintiff in the case at bar. The theory upon which these cases proceed is that the law having taken the custody of the fund, its final disposition and distribution may not be obstructed by suits of creditors of one or more of those having an interest in the fund.

*Decree dissolving injunction affirmed.*

*W. H. Hitchcock,* for the plaintiff the Travelers Insurance Company.

*A. K. Cohen,* (*H. A. Mintz* with him,) for the plaintiff Callahan.

*C. F. Eldredge,* (*H. Caverly* with him,) for the trustee in bankruptcy of James F. Maguire.