STONE, TIMLOW AND COMPANY, INCORPORATED, *vs.* JACOB
STRYKER & another.

Middlesex.    February 5, 1918. — March 1, 1918.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Equity Jurisdiction,* To reach and apply equitable assets. *Corporation,* Equitable attachment of shares.

In a suit in equity to reach and apply equitable assets in payment of an alleged debt to the plaintiff, under R. L. c. 159, § 3, cl. 7, as amended by St. 1902, c. 544, § 23, and St. 1910, c. 531, § 2, a breach of an executory contract of service by the principal defendant, the claim of damages for which has not been reduced to a judgment, is not a debt on which the suit can be founded, and a demurrer to the bill must be sustained.

Under St. 1910, c. 531, § 2, which gives jurisdiction in equity "to reach and apply shares or interests in corporations organized under the laws of this Commonwealth or of the United States, and located or having a general office in this Commonwealth, whether the plaintiff is a creditor or not, and whether the suit is founded upon a debt or not," a suit cannot be maintained to reach and apply a certificate of shares in a certain corporation in the possession of the principal defendant but standing in the name of another person, whose name is indorsed upon the back of the certificate, if the certificate contains a provision making it subject to a by-law by which shares in the corporation can be transferred only by offering them first to the directors of the corporation, who have the right to buy them at their book value, because the principal defendant has no ownership nor present interest in the shares represented by such a certificate.

BILL IN EQUITY, filed in its amended form in the Superior Court on July 30, 1917, under R. L. c. 159, § 3, cl. 7, as amended by St. 1902, c. 544, § 23, and St. 1910, c. 531, § 2, by a corporation, alleging that by a contract dated March 9, 1911, the defendant Stryker agreed to render certain services to the plaintiff as superintendent and to do certain things and refrain from doing certain other things, that the defendant Stryker abandoned the contract and left the plaintiff's employ and "that the damage resulting to it from said breach of contract by the defendant Stryker exceeds in amount the verdict and judgment hereinafter referred to and the value of the five shares of stock sought to be reached hereby."

The bill further alleged that the defendant Stryker brought actions of libel against the plaintiff and the defendant Stone

based upon articles published in certain newspapers, and at the trial of these actions one issue between the parties was the question whether the contract had been broken by the defendant Stryker or had been abandoned by mutual consent of the parties hereto, that this issue was tried fully and was presented to the jury by special questions, to which the jury answered that the contract was broken by the defendant Stryker. Upon a motion for a new trial the general verdicts which had been entered upon the questions answered by the jury were set aside as to damages only, and a new trial was had which resulted in a verdict for the defendant Stryker in the sum of $1,250, [see 227 Mass. 253,] and judgments thereon were rendered in favor of the defendant Stryker as against the plaintiff and the defendant Stone for the amounts of the verdicts and costs; that thereby all questions as to the breaches of the contract by Stryker became *res judicata* by the judgments and the proceedings incidental thereto; that the defendant Stryker is financially irresponsible and, except five shares of the capital stock of the plaintiff afterwards mentioned, has no assets out of which any judgment in damages for such breach of contract can be satisfied; that he has the option to enforce said judgments against either the plaintiff or the defendant Stone and threatens to take out execution and levy against the goods and estate of the defendant Stone; that if the defendant Stryker enforces said judgments against the plaintiff, the plaintiff will be unable to set off the amount of said judgments against the amount which the defendant Stryker owes this plaintiff for breaches of the contract but will be obliged to pay the amount of the judgments and then will be unable to collect its claim for breach of contract against the defendant Stryker; and that if the defendant Stryker enforces his said judgments against the defendant Stone, the plaintiff will be unable to enforce its claim for breach of contract against the defendant Stryker.

The bill further alleged that, as between the plaintiff and the defendant Stone, the latter personally published the libels which constituted the cause of the actions of tort, the plaintiff being liable because Stone purported to act in said publications as an officer and agent of the plaintiff but in so acting did so without right and without authority and that the defendant Stone should in justice and equity personally pay the amount of said judgments;

that the plaintiff therefore is entitled to the benefit of a right of subrogation as to the judgment of the defendant Stryker against the defendant Stone toward satisfaction *pro tanto* of the claim of the plaintiff against the defendant Stryker.

The bill further alleged that the defendant Stryker claims to be the owner of five shares of the capital stock of the plaintiff by virtue of a certificate standing in the name of Nathan S. Brinton and bearing on the back thereof an indorsement purporting to constitute a transfer of said stock from said Brinton to said Stryker; that said certificate is in the possession of the defendant Stryker, it having been delivered to him by the defendant Stone, the then owner thereof; that the defendant Stryker has demanded of the defendant Stone, as treasurer of the plaintiff, that upon the surrender of said certificate a new certificate for five shares be issued to and in the name of said Stryker; that the by-laws of the plaintiff contain the following provision:

"Appraisal and sale of shares of stock. If a stockholder of this corporation desires to dispose of any of his shares, or if the executor or administrator of a deceased stockholder, or the grantee or assignee of any shares sold on execution, desires to dispose of his shares, he shall first give the Directors of the Corporation the option to buy said shares for the use of the Corporation, at their book value, which book value it shall be the duty of the Directors to give upon request. And if said Directors shall choose to take such shares for the use of the corporation, such stockholder, executor, administrator, grantee or assignee shall, upon the payment or tender to them of such book value thereof, and the dividends due thereon, transfer and assign such share or shares to said Corporation, provided, however, the said Directors shall not be obliged to take such shares at the book value aforesaid unless they think it for the interest of the Corporation, and if they shall not within ninety days after said shares are offered to them, take the shares and pay such stockholder, executor, administrator, grantee or assignee the book value thereof, such stockholder, executor, administrator, grantee or assignee shall be at liberty to dispose of the same shares to any person whatsoever."

That the defendant Stryker has brought a bill in equity against the plaintiff, the defendant Stone and others as officers of the corporation praying that the defendant Stone be ordered to offer to

the directors of the plaintiff the certificate of stock, giving them the option to buy it for the use of the plaintiff at the book value of the shares which it represents; that, if the directors within ninety days shall not vote to take such shares for the use of the corporation, the defendant Stone be ordered to transfer the shares on the books of the corporation to the defendant Stryker and issue a new certificate to him; that if within ninety days the directors shall vote to take such shares of stock for the use of the plaintiff the book value of such shares shall be ascertained by the Supreme Judicial Court and the plaintiff ordered to pay such amount to the defendant Stryker; that the pleadings upon this bill in equity have been completed and the suit has been referred to a master and hearings thereon have been had; that the master has submitted to counsel a draft report containing findings in favor of the claims of the defendant Stryker, but has not yet filed his report thereon and that the bill is now pending in the Supreme Judicial Court; that the value of said shares exceeds $1,000.

The bill also alleged that the defendant Stryker has also brought an action in the Superior Court against this plaintiff for breach of the contract, which action is now pending and is awaiting trial.

The prayers of the bill were as follows:

1. That the defendant Stryker might be restrained from collecting any sums on account of the judgments in his actions of tort for libel against the plaintiff and the defendant Stone pending the determination of this suit.

2. That the amount due the plaintiff from the defendant Stryker for breaches of the contract by the defendant Stryker be ascertained and determined.

3. That the judgments in the actions of tort for libel brought by the defendant Stryker against the plaintiff and the defendant Stone may be set off and applied *pro tanto* on account of the damages due from the defendant Stryker to the plaintiff.

4. That the defendant Stone be ordered to pay to the plaintiff the amount of the judgment secured by the defendant Stryker against the defendant Stone in satisfaction *pro tanto* of the claim of the plaintiff against the defendant Stryker.

5. That the interests of the defendant Stryker in said five shares

of the capital stock of the plaintiff or in any proceeds of said shares which may be offered to the directors of the plaintiff be determined and that said interests and the shares representing the same be seized and sold in such manner as the court shall order and the proceeds of said shares either upon sale ordered by the court or upon purchase by the plaintiff under said by-law be applied in satisfaction of the damages due from the defendant Stryker to the plaintiff.

6. That the defendant be enjoined perpetually as well as during the progress of this case from proceeding further with the actions against the plaintiff for breach of the contract.

7. That pending the trial of this case the defendant Stryker be enjoined from parting with or in any way disposing of his interest in the five shares of stock of the plaintiff corporation referred to in the bill.

8. For such other and further relief as to the court shall seem meet and proper.

The defendant Stryker demurred to the bill, as amended, for want of equity and for the following assigned reasons:

"This defendant further demurs to so much of the plaintiff's bill of complaint as relates to the judgments alleged to have been entered in actions of tort for libel in favor of this defendant against the plaintiff and the defendant Stone on June 25, 1917, because

"1. The plaintiff has in this regard a complete and adequate remedy at law.

"2. The bill shows the plaintiff and the defendant Stone to be joint tortfeasors *in pari delicto*, between whom there can be no right of contribution or subrogation which this court has jurisdiction to reach and apply.

"3. The bill shows no such relation between the plaintiff and the defendant Stone as to make it inequitable for this defendant to satisfy from the defendant Stone his judgment in the action of tort.

"4. The bill discloses an attempt on the part of the plaintiff to benefit by its own wrong, which equity will not aid.

"5. It is not equitable to allow the plaintiff to create for itself by its own malicious tort security for a claim in contract against the victim of that tort which claim existed prior to such malicious

tort, nor to allow it to benefit by the consequences of the malicious act of one who committed such tort jointly with the plaintiff and for its benefit."

The demurrer was argued before *J. F. Brown,* J., who made an interlocutory decree sustaining the demurrer. The plaintiff appealed, and the judge, being of opinion that the questions raised by the demurrer were fundamental and ought to be determined before the parties went to a hearing upon the merits, reported the case and all questions raised by the record, including the appeal from the interlocutory decree sustaining the demurrer, for determination by this court.

*F. L. Norton & E. A. Whitman,* for the plaintiff.

*F. W. Fosdick,* for the defendant Stryker.

PIERCE, J. The allegation in the bill of an indisputable right in the plaintiff to have damages assessed by a jury against the defendant Stryker for a breach of an executory contract, because of the special finding of the jury in the action of tort that the contract was broken by the defendant, is but a conclusion of law and is not admitted by the demurrer. Should the right to damages be concluded by the finding, no debt was created thereby, nor could be until the wholly unliquidated damage arising from the breach of the executory contract was determined and the precise amount ascertained by the verdict of a jury and the entry of judgment thereon. *Rice* v. *Stone,* 1 Allen, 566, 570. *H. G. Kilbourne Co.* v. *Standard Stamp Affixer Co.* 216 Mass. 118.

The plaintiff is not a judgment creditor of the defendant, and holds no debt obligation of the defendant within the meaning of that word in R. L. c. 159, § 3, cl. 7, as amended by St. 1902, c. 544, § 23, and St. 1910, c. 531, § 2. *H. G. Kilbourne Co.* v. *Standard Stamp Affixer Co. supra.*

Because the claim of the plaintiff against the defendant for breach of an executory contract is not a debt, or a promise to pay a sum of money which can be ascertained by simple computation, or one which has been liquidated by judgment, the equity court, in which this bill is filed, has not jurisdiction to restrain the defendant from collecting his judgment against the plaintiff and the defendant Stone, pending the termination of this suit. Nor has it authority to determine that in equity the primary duty to pay the obligation of the judgment was on Stone; or that the plaintiff

was secondarily liable and entitled to be indemnified by Stone if compelled to pay; or that the plaintiff without payment of the judgment debt should be subrogated to the right of the defendant against Stone and the amount due the defendant from Stone be set off against the sum found to be due the plaintiff from the defendant.

It is plain the court has not jurisdiction to entertain the bill under St. 1910, c. 531, § 2, which amends R. L. c. 159, § 3, cl. 7, by adding at the end thereof the following: "Also suits to reach and apply shares or interests in corporations organized under the laws of this Commonwealth or of the United States, and located or having a general office in this Commonwealth, whether the plaintiff is a creditor or not, and whether the suit is founded upon a debt or not," because at the filing of the bill the defendant had no present ownership in stock or shares of stock in the plaintiff corporation, or any present interest in that corporation. The possibility that the court, in the bill now pending to compel Stone to effect a transfer of stock in the plaintiff corporation, may order specific performance of the agreement of Stone to transfer the stock to the defendant, is neither an ownership of shares nor an interest in the corporation within the meaning of the statute.

It follows that the interlocutory decree sustaining the demurrer must be affirmed.

*Decree accordingly.*