ORANGE HARDWARE COMPANY *vs.* JOSEPH A. RYAN & another.

Franklin.   September 18, 1929, February 21, March 3, 1930. — September 11, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Equity Jurisdiction*, To reach and apply equitable assets. *Trustee Process. Judgment.*

The bill in a suit in equity under G. L. c. 214, § 3, (7), against an individual and a corporation contained allegations that the individual defendant was indebted to the plaintiff; that that defendant had recovered judgment in an action at law against the defendant corporation; that execution on the judgment had issued; and that the judgment had not been satisfied. The plaintiff sought to have the individual defendant restrained from disposing of his interest in the proceeds of the judgment, and to reach and apply those proceeds to the satisfaction of the plaintiff's claim against that defendant. The bill contained no allegation that the execution had been placed in the hands of an officer or that the individual defendant had made any attachment in the action at law or that the collection of the execution by levy, seizure and sale would be interfered with or interrupted by the issuance of an injunction in the suit. The individual defendant demurred to the bill on the grounds that the plaintiff had not shown cause for relief in equity and that he had a plain and adequate remedy at law. There were entered an interlocutory decree sustaining the demurrer and a final decree dismissing the bill. *Held*, that

(1) Under G. L. c. 246, § 32, Fifth, the plaintiff, by reason of the issuance of execution on the judgment, could not have charged the defendant corporation as trustee of the individual defendant in an action at law by trustee process;

(2) The judgment debt could not be attached or taken on execution in an action at law by the plaintiff;

(3) The plaintiff had not a plain and adequate remedy at law;

(4) Under G. L. c. 214, § 3, (7), there was jurisdiction in equity to reach and apply the judgment debt to the satisfaction of the plaintiff's claim and to enjoin the satisfaction of the execution during the pendency of the suit;

(5) The decrees were erroneous and were reversed, the suit to stand for trial on the merits.

BILL IN EQUITY, filed in the Superior Court on January 11, 1929, against Joseph A. Ryan and Russia Cement Company, and afterwards amended, described in the opinion.

The defendant Ryan demurred. Russia Cement Company filed an answer. An interlocutory decree sustaining the demurrer was entered by order of *Bishop*, J. A final decree dismissing the bill was entered thereafter by order of *Lummus*, J. The plaintiff appealed from both decrees.

*W. A. Davenport & W. L. Davenport,* for the plaintiff.

*F. M. Carroll,* for the defendant Ryan.

The case was submitted on briefs to *Rugg*, C.J., *Pierce*, *Wait, Sanderson,* & *Field*, JJ., on September 18, 1928, and was again submitted on briefs at the sitting of the court in March, 1930, and was considered by all the Justices.

PIERCE, J. This is a bill in equity under G. L. c. 214, § 3, (7), filed January 11, 1929, in the Superior Court, to reach and apply in payment of a debt due the plaintiff the interest of the defendant Joseph A. Ryan in a judgment recovered by him against the Russia Cement Company in the Superior Court on January 7, 1929.

The bill of complaint as amended alleges that the defendant owes the plaintiff the sum of "$352.51, and interest," according to the account thereto annexed; "That on January 7, 1929, the said Joseph A. Ryan recovered judgment against the said Russia Cement Company in the Superior Court . . . in the amount of $3,750; . . . That execution has issued on said judgment but, up to the date . . . [of the filing of the bill of complaint] has not been satisfied; . . . That the plaintiff, by a process at law, is not able to reach the interest of the said Joseph A. Ryan in said judgment, or the proceeds thereof due to the said Joseph A. Ryan from the said Russia Cement Company." The plaintiff prays: "(1) That his claim against the defendant Joseph A. Ryan be established; (2) That the defendant Joseph A. Ryan be enjoined from disposing or or [*sic*] otherwise assigning or transferring his said interest in the proceeds of said judgment; (3) That the said Russia Cement Company be enjoined from paying to the said Joseph A. Ryan the amount of said judgment, or any part thereof, until the plaintiff's debt has been established; (4) That the proceeds of said judgment due to the said Joseph A. Ryan may be reached and applied to the payment of the plaintiff's claim; and

(5) For such further and other orders and decrees in the premises as justice and equity may require."

The defendant Joseph A. Ryan demurred to the plaintiff's bill and assigned as reasons therefor: (1) "That the bill does not contain any matter of equity wherein this court can ground any decree or give to the plaintiff any relief against this defendant"; and (2) "That the plaintiff has a plain, adequate and complete remedy at law." The demurrer was sustained by an interlocutory decree, and, the plaintiff having elected not to amend its bill of complaint further, a final decree was entered dismissing the bill. The case is before this court on the appeal of the plaintiff from both decrees. It is to be noted that the judgment which follows is upon the footing that the bill of complaint nowhere states, even by inference, that a sheriff, or any person qualified to serve civil process, was given the execution or that Ryan had made an attachment of the real estate or of the personal property of the Russia Cement Company or that the collection of the execution by levy, seizure and sale would be interfered with or interrupted if the injunction were to issue.

Upon the facts stated in the bill of complaint the demurrer should have been overruled. G. L. c. 246, § 32, provides: "No person shall be adjudged a trustee in the following cases . . . Fifth, By reason of a debt due from him upon a judgment, so long as he is liable to an execution thereon." G. L. c. 235, § 17, as amended by St. 1925, c. 217, § 1, so far as material, provides: "An original execution shall not issue after the expiration of one year after the party is first entitled to take it out." Execution issued upon the judgment recovered by Ryan within the year after its recovery and was unsatisfied when the bill of complaint was filed. The defendant Russia Cement Company by the express provisions of the statute was not then chargeable in trustee process. It is plain the judgment debt due from the Russia Cement Company to Ryan when the bill of complaint was filed in its nature was such that it could not be reached to be attached or taken on an execution in an action at law, G. L. c. 246, § 32, Fifth, *Sharp* v. *Clark*, 2 Mass. 91, *Howell* v. *Freeman*,

3 Mass. 121, 124, *Williams* v. *Boardman,* 9 Allen, 570, 571, *Franklin* v. *Ward & Goodale,* 3 Mason, 136, 137, and that therefore no plain, adequate and complete remedy was open to the plaintiff to reach the judgment debt.

It is and always has been the policy of the Commonwealth that the assets of a debtor should be subject to the payment of his debts. The manifest purpose of the Legislature in the enactment of G. L. c. 214, § 3, (7), in its earlier and amendable form, was to give the broadest scope to such proceedings and thereby provide in equity in aid of the law a remedy analogous to that of creditors' suits under general equity jurisdiction. *Pettibone* v. *Toledo, Cincinnati & St. Louis Railroad,* 148 Mass. 411. *Alexander* v. *McPeck,* 189 Mass. 34, 44. *H. G. Kilbourne Co.* v. *Standard Stamp Affixer Co.* 216 Mass. 118, 120.

Under the general prayer for relief there is no serious question that the court had jurisdiction to enjoin Ryan from putting the execution against the Russia Cement Company in the hands of a sheriff for levy. *Belknap* v. *Stone,* 1 Allen, 572, citing *Rice* v. *Stone,* 1 Allen, 566. *Boston & Maine Railroad* v. *D'Almeida,* 221 Mass. 380, 382. Indeed, it is said in *Maxwell* v. *Cochran,* 136 Mass. 73 at page 74: "If the bill is maintained, the rights of the parties to the suit were fixed at the time of notice of the *lis mota,* and could not be changed by transfers *pendente lite;* and the bill would operate as an equitable attachment." *Belknap* v. *Stone,* 1 Allen, 572, 574, decides that a bill in equity will lie to reach the interest of a debtor in a judgment where execution has not issued "for the reasons stated in" *Rice* v. *Stone, supra.* The cases of *Bennett* v. *Sweet,* 171 Mass. 600, *Delval* v. *Gagnon,* 213 Mass. 203, 206, *Stone, Timlow & Co. Inc.* v. *Stryker,* 230 Mass. 67, 72, and *White Sewing Machine Co.* v. *Morrison,* 232 Mass. 387, 388, inferentially are authorities for the same proposition.

As it is established that a judgment debt is a valuable property interest which is assignable and can be reached by equitable trustee process before the issuance of an execution, *Belknap* v. *Stone,* 1 Allen, 572; *Rice* v. *Stone, supra,* it would seem in the absence of an adverse decision that

the remedial spirit of the statute G. L. c. 214, § 3, (7), is best subserved by holding that such a bill will lie both before and after the issuance of an execution upon a judgment debt with an injunction to stay the satisfaction of the execution pending the proceedings.

The cases of *Maxwell* v. *Cochran*, 136 Mass. 73, *Emery* v. *Bidwell*, 140 Mass. 271, 275, *Tuck* v. *Manning*, 150 Mass. 211, 216, *Venable* v. *Rickenberg*, 152 Mass. 64, *Callahan* v. *Maguire*, 218 Mass. 360, 362, and *William J. McCarthy Co.* v. *Rendle*, 222 Mass. 405, 406, are distinguishable in their facts and particularly by the special statutes which are considered and are the foundation upon which the several decisions rest.

In the opinion of a majority of the court, the order must be, decrees reversed, case to stand for hearing on the merits.

*Ordered accordingly.*