H. E. SHAW COMPANY *vs.* N. KARCASINAS.

Worcester.    February 4, 1932. — March 3, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Equity Jurisdiction*, To reach and apply equitable assets, Discovery, Adequate remedy at law.

A bill in equity contained allegations that the defendant was indebted to the plaintiff; that the defendant, while insolvent, received a check for a large sum of money in his own right, cashed it and so secreted the proceeds that they "cannot be reached to be attached or taken

on execution in an action at law"; that the defendant intended to dispose of the proceeds without payment of his obligations; and that he had disposed of a portion of the proceeds without consideration and with intent to hinder, delay and defraud his creditors. The plaintiff sought to reach and apply the proceeds to the satisfaction of the defendant's indebtedness under G. L. c. 214, § 3 (7) and (9). The plaintiff also by a series of questions in the bill sought to have discovery as to the place where the money then was and as to what the defendant had done with it. A demurrer was sustained and a final decree was entered dismissing the bill without prejudice to the right of the plaintiff to maintain an action at law. *Held*, that

(1) G. L. c. 214, § 3 (7), applies to property which is of such a nature that it cannot be attached or taken on execution at law; the statute does not include within its scope attachable property which cannot be found or which because of its situation cannot be attached;

(2) The allegations of the bill did not show that the proceeds of the check were of such a nature that they were not subject to attachment at law; and the plaintiff was not entitled to relief under G. L. c. 214, § 3 (7);

(3) Upon the allegations of the bill, the plaintiff was not entitled to maintain the bill under G. L. c. 214, § 3 (9), to trace the part of the proceeds alleged to have been fraudulently transferred;

(4) The bill could not be maintained for discovery alone;

(5) The decree was proper.

BILL IN EQUITY, filed in the Superior Court on December 19, 1931, and afterwards amended, described in the opinion. The defendant demurred. The demurrer was heard by *Lummus*, J., by whose order there were entered an interlocutory decree sustaining it and a final decree dismissing the bill without prejudice to an action at law. The plaintiff appealed.

*S. A. Seder*, for the plaintiff.

*J. Y. Young*, (*G. F. Foley* with him,) for the defendant.

SANDERSON, J. In this bill the plaintiff seeks to reach and apply property alleged to belong to the defendant in payment of an indebtedness due it from him. A demurrer based on the ground that the bill sets "forth no cause of action entitling" the plaintiff "to relief in equity" and that the plaintiff has a plain, complete and adequate remedy at law was sustained, and from the interlocutory decree sustaining the demurrer and the final decree dismissing the bill without prejudice to the plaintiff's right to bring an action at law the plaintiff appealed.

The statements in the bill, some of which are no more than averments of information and belief, are in substance that the defendant on or about November 1, 1931, was insolvent, and that within that month he became possessed of $10,000 in his own right, and thereafter, with intent to hinder, delay and defraud his creditors he deposited the same or a part thereof in the names of several persons, designating himself as trustee, in the Worcester County Institution for Savings; that on the fourth day of December, 1931, with intent to delay and defraud his creditors, he closed the accounts and received from the bank a check to his own order in the sum of $9,427.92, and on the same day cashed the check, receiving money therefor; that the defendant has taken the moneys so received and deposited the same in some safe deposit box in the city of Worcester or elsewhere, or has otherwise secreted the same so that they cannot be reached to be attached or taken on execution in an action at law; that the defendant has refused to disclose the whereabouts of this property so that the same can be attached or taken on execution in an action at law; that the defendant is now in possession or control of the moneys and intends to dispose of the same for purposes other than for the payment of his just and true obligations; that the defendant has no other property in the Commonwealth which can be attached or reached or which is sufficient to satisfy any judgment recovered by the plaintiff; that the defendant does not intend to apply this money or property to the payment of his debt due the plaintiff; and that the defendant has disposed by gift or otherwise without consideration and with intent to hinder, delay and defraud his creditors of a portion of the moneys to persons unknown to the plaintiff. The plaintiff also by a series of questions in the bill seeks to have discovery as to the place the money now is and what the defendant has done with it.

The prayers are in part that the defendant be enjoined from transferring at least $1,500 of the property received as a result of cashing the check referred to; that he be ordered to pay at least that amount from the proceeds of

that check to the clerk of the Superior Court pending the determination of this suit and be ordered to disclose to the plaintiff the whereabouts of at least that amount of those proceeds; and that the defendant be ordered to answer the interrogatories.

This is not a general creditor's bill but a bill by a single creditor for an equitable attachment. The plaintiff states in his brief that the bill was brought under G. L. c. 214, § 3 (7) and (9), and under general equity jurisdiction in so far as it asks for discovery. Clause (7) permits a creditor to reach and apply in payment of his debt "any property, right, title or interest, legal or equitable, of a debtor . . . which cannot be reached to be attached or taken on execution in an action at law." The inability to reach property to which the statute refers means legal inability resulting from the fact that the property is of a nature not attachable or subject to be taken on execution. It does not include within its scope attachable property which cannot be found or which because of its situation cannot be attached. *Emery* v. *Bidwell*, 140 Mass. 271, 275. *Amy* v. *Manning*, 149 Mass. 487, 490. *Venable* v. *Rickenberg*, 152 Mass. 64, 66. *William J. McCarthy Co.* v. *Rendle*, 222 Mass. 405, 406. There is no allegation in the present case to indicate that the proceeds of the check are of a nature not attachable in an action at law. See G. L. c. 223, § 42; c. 235, §§ 32, 33. The plaintiff does not state a case for relief under clause (7) by alleging in substance that it does not know in what form the proceeds of the check may now be nor where they are situated. The case of *Orange Hardware Co.* v. *Ryan*, 272 Mass. 413, does not support the plaintiff's contention. There the plaintiff sought by trustee process to reach a judgment upon which execution had issued, and there was a legal inability to reach the judgment, because it was not of a nature attachable at law. The court said at page 415: ". . . the judgment debt . . . in its nature was such that it could not be reached to be attached or taken on an execution in an action at law . . . ." The case of *New England Oil Refining Co.* v. *Canada Mexico Oil Co. Ltd.* 274 Mass. 191, is likewise dis-

tinguishable in its facts from the case at bar. The conclusion of the trial judge that the plaintiff has not stated a case entitling it to maintain the bill under G. L. c. 214, § 3 (7), is right.

Upon the allegations the plaintiff is not entitled to maintain the bill under G. L. c. 214, § 3 (9), to trace the part of the proceeds of the check alleged to have been fraudulently transferred. The allegations as to this matter are somewhat vague and no party is named as fraudulent transferee. *Amy* v. *Manning*, 149 Mass. 487, 491. See *Phoenix Ins. Co.* v. *Abbott*, 127 Mass. 558, 561.

The discovery sought is not incidental to any relief to which, upon the allegations of the bill, the plaintiff is entitled, and the bill cannot be maintained for discovery alone. *Emery* v. *Bidwell*, 140 Mass. 271, 275. *Brown* v. *Corey*, 191 Mass. 189, 192. *American Security & Trust Co.* v. *Brooks*, 225 Mass. 500, 502.

*Decree affirmed with costs.*