MOTOREZE OIL COMPANY, INC. *vs.* NATHAN BRENNAN & another.

Essex.    March 8, 1932. — May 25, 1932.

Present: RUGG, C.J., CROSBY, SANDERSON, & FIELD, JJ.

*Equity Jurisdiction,* To reach and apply property not attachable at law. *Judgment. Execution.*

In a suit in equity under G. L. c. 214, § 3 (7), against two defendants to reach and apply, to the payment of a claim of the plaintiff against the first defendant, his interest in an unsatisfied judgment and execution in a sum larger than the plaintiff's claim, obtained by the first defendant in an action at law against the second defendant, it appeared that such execution against the second defendant had been placed in the hands of an officer who had levied on property of the second defendant and had advertised it for sale under the execution; that, following the issuance of a temporary restraining order restraining the first de-

fendant from collecting or transferring the judgment and the second defendant from paying it to the first defendant, the officer had adjourned the sale from time to time; and that the sale had not yet taken place. A final decree was entered directing the first defendant to assign to the plaintiff his judgment and execution against the second defendant "to secure the payment of" the plaintiff's claim and that any amount collected by the plaintiff from the second defendant in excess of his claim be paid by the plaintiff to the first defendant, and enjoining the second defendant from paying to the first defendant any moneys due him on the execution. *Held*, that such final decree was proper: it did not interfere with the levy and sale under the execution or with the officer's right or duty to make his return thereon.

BILL IN EQUITY, filed in the Superior Court on January 23, 1931, against Nathan Brennan and Harriette M. Johnson.

The allegations in paragraphs 1–4, inclusive, of the bill, and the prayers, are described in the opinion. Such allegations were admitted by the defendant Brennan in his answer. The allegations of paragraph 5 of that defendant's answer are described in the opinion.

Upon entry of the bill, a temporary restraining order was issued as follows: "And in the meantime, you said Nathan Brennan and your servants, agents, attorneys and counsellors, acting for you or in behalf of you, are to desist and refrain from collecting, transferring, assigning or in any manner alienating or encumbering the whole or any part of your claim, verdict, judgment or execution against the defendant Harriette M. Johnson; and you said Harriette M. Johnson, and your servants, agents, attorneys and counsellors, acting for you or in behalf of you, are to desist and refrain from paying to the defendant Nathan Brennan the judgment or any part thereof which was recovered against you by the defendant Brennan, on the first day of December, 1930, in our said Superior Court for the county of Essex, until the plaintiff's judgment has been satisfied in full."

A decree taking the bill *pro confesso* as against the defendant Johnson was entered. The suit was heard by *Gray*, J. Material facts found by the judge and a final decree entered by his order are described in the opinion. The defendant Brennan appealed.

*P. A. Kiely*, for the defendants.

No argument nor brief for the plaintiff.

CROSBY, J.   This is a suit in equity brought under G. L. c. 214, § 3 (7), to reach and apply, in payment of a debt due the plaintiff, the interest of the defendant Brennan in a judgment and execution obtained by him against the defendant Harriette M. Johnson.   It is alleged in the bill that the plaintiff on January 23, 1931, recovered judgment against the defendant Brennan in the District Court of Southern Essex in the sum of $263.64 as damages and $9.58 costs, but that the judgment has not been satisfied. It is further alleged that on December 1, 1930, the defendant Brennan recovered judgment against the defendant Harriette M. Johnson in the Superior Court for the county of Essex in the sum of $320, and that execution issued on the judgment on December 2, 1930, but has not been satisfied; that the plaintiff by a process at law is not able to reach the interest of the defendant Brennan in said judgment against the defendant Johnson, or the proceeds thereof due Brennan from Johnson.

The plaintiff prays (1) that the defendant Brennan be temporarily enjoined from collecting, assigning, alienating or encumbering the whole or any part of the judgment or execution against the defendant Johnson pending this suit; (2) that the defendant Johnson be enjoined from paying to Brennan the whole or any part of the judgment until the plaintiff's judgment has been fully satisfied; (3) that the proceeds of the judgment due Brennan may be reached and applied to the payment of the plaintiff's judgment; (4) for such further and other orders and decrees as justice and equity may require.

The defendant Brennan demurred to the bill on the ground that it did not set forth any ground for relief in equity.   And further answering he alleged that a judgment was entered in the case of Nathan Brennan *vs.* Harriette M. Johnson in the Superior Court at Salem in the sum of $320 and on December 2, 1930, execution was issued on the judgment; that on December 30, 1930, the execution was placed in the hands of one Wells, a deputy sheriff, who on December 31, 1930, "levied on said execution and on the sixteenth, twenty-third and thirtieth days of January, 1931,

published in . . . a newspaper published in . . . Lynn, Notice of Sale by Execution, that the injunction issued in this case has interfered with said sale and that said sale has been postponed from time to time pending the determination of this case, that a permanent foreclosure will interfere with said execution." It appearing that the defendant Johnson did not file an answer, plea or demurrer within the time provided by the rules of the Superior Court, an interlocutory decree was entered December 23, 1931, by which the bill was taken for confessed as against her.

Thereafter a final decree was entered in which it was decreed that the defendant Brennan "forthwith assign all his right, title and interest in and to a judgment and execution in his favor against Harriette M. Johnson issued from the Essex Superior Court on December 2, 1930,. in the sum of $320 to the plaintiff to secure the payment of $273 damages and $26 costs; and further that any amount collected by the plaintiff in excess of $299 be forthwith paid by said plaintiff to the defendant Nathan Brennan; and further that the defendant Harriette M. Johnson be and hereby is restrained from paying to the defendant Nathan Brennan any moneys due said Nathan Brennan on said execution."

In a report of material facts the trial judge found the facts as alleged in paragraphs 1–4 inclusive of the bill, which were admitted by the answer of the defendant Brennan; and in addition found that the allegations in the defendant's answer in paragraph 5 were sustained except the allegation with respect to the effect of the injunction issued. As to this allegation he found that following the injunction the deputy sheriff has adjourned the sale from time to time, and that no sale has yet taken place.

Under G. L. c. 214, § 3 (7), a creditor may reach and apply in payment of his debt any property, right, title or interest, legal or equitable, of a debtor which cannot be reached to be attached or taken on execution in an action at law. It is obvious that the plaintiff could not attach or take on execution the judgment debt due from Harriette

M. Johnson to the defendant Brennan.  There is no pro-
ceeding at law whereby the plaintiff could reach and apply
the judgment debt because it is not of a nature attach-
able at law.  It follows that by the terms of the statute
under which the bill is brought it can be maintained "both
before and after the issuance of an execution upon a judg-
ment debt with an injunction to stay the satisfaction of the
execution pending the proceedings."  *Orange Hardware Co.*
v. *Ryan*, 272 Mass. 413, 417.  See *H. E. Shaw Co.* v. *Kar-
casinas*, 278 Mass. 397.  The decree entered in the Superior
Court ordering the assignment by the defendant Brennan to
the plaintiff of his right, title and interest in the judgment
and execution against the defendant Johnson in no way
interfered with the levy, seizure, and sale under the execution
by the sheriff, or with the sheriff's right or duty to make his
return on the execution.

The defendant Brennan contends that, if the execution
could not be reached by reason of its being in the hands
of the sheriff, the court had no authority in equity under
the statute to compel the defendant Brennan to assign his
rights in the execution.  He relies on the fact that the re-
lief which is afforded by G. L. c. 214, § 3 (7), has been
described as in the nature of an equitable trustee process,
and cites *Travelers Ins. Co.* v. *Maguire*, 218 Mass. 360,
362.  This analogy, however, does not limit the extent of
the relief which may be granted.  The powers given by the
statute are general, and the means by which they may be
exercised are not limited.  The enforcement of rights under
the statute may be by an order *in personam*, as for instance
by an injunction, or an order to make an assignment.  As
was said by Knowlton, J., in *Wilson* v. *Martin-Wilson
Automatic Fire Alarm Co.* 151 Mass. 515, at page 518:
"The provisions of this act indicate an intention on the
part of the Legislature to give the court power effectually
to reach and apply every kind of property which cannot
be attached or taken on execution.  It . . . authorizes
proceedings in which there is no other defendant but the
debtor, and plainly implies that the court may make all

such orders and take such measures as may be necessary to apply the property to the payment of the debt."

The facts in the cases of *Travelers Ins. Co.* v. *Maguire*, 218 Mass. 360, and *Venable* v. *Rickenberg*, 152 Mass. 64, are plainly distinguishable from those in the case at bar. The decision in *Orange Hardware Co.* v. *Ryan*, 272 Mass. 413, is not in conflict with what is here decided. It governs the rights and obligations of the parties in the present case.

*Decree affirmed.*