ELIJAH B. STODDARD & another, executors, *vs.* WILLIAM H
HARRINGTON.

If a contract is made between two citizens of the same state, within the state, one of whom
afterwards removes therefrom and becomes a citizen of another state, and the other then
obtains in the first state, where he continues to reside, a discharge under its insolvent
law which was in force when the contract was made, the discharge is a bar to an action
against him on the contract.

CONTRACT by the executors of the will of John Green on a
promissory note made by the defendant payable to the order of
their testator on demand, and dated Worcester, February 17,
1852. Writ dated April 6, 1868. The case was submitted to
the judgment of the court on the following facts agreed :

The note was made in Massachusetts on its date, and given
for a debt here contracted. Both the maker and the payee were
citizens of Massachusetts at the time of the contracting of the
debt and the making and giving of the note, and the maker has
ever since been a citizen of Massachusetts. The payee removed
to South Carolina in 1854, became a citizen of that state, and
so continued until 1863, when he returned and again became
a citizen of Massachusetts, and died here in 1865. His execu-
tors were always citizens of Massachusetts. In November 1858
proceedings in insolvency were here commenced against the
maker, in which he obtained a certificate of discharge in August
1859. The note was never proved, nor offered for proof, against
his estate in insolvency.

*J. Green, Jr.,* for the plaintiffs.

*T. L. Nelson,* for the defendant.

HOAR, J. The precise question which this case presents does
not seem to have been decided by the supreme court of the
United States. That question is, whether, if a contract is made
between two citizens of the same state within the state, and
one of them afterwards removes therefrom and becomes a citi-
zen of another state, and the other then obtains a discharge
under the provisions of an insolvent law of the state where the
contract was made, which was enacted and in force before the

date of the contract, such a discharge is effectual as a bar **to a** suit upon the contract. It has been held to be a bar in this Commonwealth. *Brigham* v. *Henderson*, 1 Cush. 430. *Con verse* v. *Bradley*, Ib. 434, note. In the first of these cases the contract was both made, and, by its terms, to be performed in Massachusetts; but in *Converse* v. *Bradley* it only appears to have been a promissory note, made within the Commonwealth, no place of payment being designated. The latter case is therefore a direct authority in point.

The decision in *Scribner* v. *Fisher*, 2 Gray, 43, that a discharge under the insolvent law of Massachusetts is valid against a creditor who was a citizen of another state at the time the contract was made, if it was, by its express terms, to be performed in this Commonwealth, has been overruled by the supreme court of the United States in *Baldwin* v. *Hale*, 1 Wallace, 223; and the subsequent action of this court has conformed to the doctrine of *Baldwin* v. *Hale*. *Kelley* v. *Drury*, 9 Allen, 27. But the opinion in *Baldwin* v. *Hale* does not in any manner advert to the decision in *Brigham* v. *Henderson;* and Mr. Justice Metcalf, who dissented from his associates in *Scribner* v. *Fisher*, gave the opinion of the court in that case.

Regret has been frequently expressed by judges of the courts of the United States, as well as by those of the several states, that with all the learning and ability which have been bestowed upon the discussion it has not been found practicable to place the decisions on this important subject upon some clear and intelligible basis of principle. But the reasons given by different judges for coming to the same conclusions have been so diverse, and the grounds assigned for judgments not certainly repugnant to each other have been sometimes so apparently inconsistent, that it is difficult to do more than follow adjudged cases in their literal application, without attempting to gather from them a rule which will afford a sure solution of new questions.

It is settled that a state insolvent law is constitutional, which applies to contracts made after its enactment, within the state and not to be performed elsewhere, if made between citizens of the state, who continue citizens at the time a discharge is ob-

tained, and at the time the action is brought upon the contract. If the contract is made between citizens of the state, it has been held, in *Brigham* v. *Henderson* and *Converse* v. *Bradley*, that the power to grant a discharge is not impaired by a subsequent removal of the creditor to another state. Nothing inconsistent with these decisions has been decided by the supreme court of the United States. We therefore feel bound to adhere to them, being satisfied that a preponderance of opinion in the discussion of cases which have so far arisen in the national tribunals is in their favor, and that they are correct in principle.

The suggestion that the power of a state over the contracts of its citizens is limited by the power to make them parties to the proceedings in insolvency, does not seem to us well founded, because we think that the effect of the insolvent law qualifies the contract from its inception; and the question of the sufficiency of the notice to creditors to make them so far parties as to be bound by these proceedings does not seem to be one over which the courts of the United States have any peculiar jurisdiction. *Judgment for the defendant.*