# DARWIN H. ROBERTS *v.* CHARLES W. ATHERTON.

*Bankruptcy. Insolvency. Discharge. Bills and Notes.*
R. L. s. 1856.

A discharge under our insolvent law is not a bar to recovery upon a note owned by one, who, when the discharge was granted, was a citizen of another state, and who in no way became a party to the insolvency proceedings, although the note was executed in this State, and when executed both parties to it were citizens of this State.

ASSUMPSIT upon a promissory note. Heard by the court September Term, 1887, TYLER, J., presiding. The court held that the discharge in insolvency was not a bar, and rendered judgment for the plaintiff. No place was designated in the note where it was payable. The other facts are stated in the opinion.

J. J. *Monahan* and *L. F. Wilbur*, for the defendant.

The note being payable generally was payable in Vermont. *Peck* v. *Hibbard*, 26 Vt. 701 ; 12 N. H. 520. The discharge bars a recovery, The contract was to be performed here, and the *lex loci* governs and is a part of the contract. *Mather* v. *Bush*, 16 John. 233 ; *Blanchard* v. *Russell*, 13 Mass. 1 ; *Sherill* v. *Hopkins*, 1 Cow. 107 ; Story, Confl. Law, ss. 278, 317, 332 ; 6 Cranch, 221. A discharge is a bar where contracts are made in a state or jurisdiction where both parties reside and are citizens and where the proceedings in insolvency are taken by the debtor and the debtor obtains his discharge, though the creditor has removed out of the state or jurisdiction before proceedings in insolvency and has taken no part in the insolvent proceedings. *Smith* v. *Mead*, 3 Conn. 253 ;

*Stoddard* v. *Harrington*, 100 Mass. 87; *Brigham* v. *Henderson*, 1 Cush. 430; *Converse* v. *Bradley*, Ib. 434; *Proctor* v. *Moore*, 1 Mass. 198; *Brown* v. *Bridge*, 106 Mass. 563; *Stevens* v. *Norris*, 10 Foster, 466; 44 N. Y. 598; 39 N. Y. 342; 1 Dan. Neg. Inst. s. 874; 14 N. H. 38.

*M. H. Alexander*, for the plaintiff.

The fact that both parties were residents of the state at the time of the making of the contract makes no difference. The debt attends the person of the creditor, and if he is without the jurisdiction of the court no legal notice can be served upon him so as to bring him within its jurisdiction, and hence no legal default. State insolvency laws have no extra-territorial operation. *Bedell & Warden* v. *Scruton*, 54 Vt. 493; *McDougell* v. *Page*, 55 Vt. 196; *Pratt* v. *Chase*, 44 N. Y. 579; *Soule* v. *Chase*, 39 N. Y. 342; Wait Act. & Def. 163; 5 Atl. Rep. 710; 4 Atl. Rep. 791; *Hawley* v. *Hunt*, 27 Iowa, 303.

The opinion of the court was delivered by

ROSS, J. The note on which recovery is sought was given in this State to the plaintiff, then a resident of the State, by the defendant, then also a citizen and resident of the State.

The plaintiff removed from the State. Subsequently the defendant was adjudged an insolvent and by due course of proceedings received a discharge in the court of insolvency. The plaintiff in no way became a party to the proceedings in the court of insolvency in which the defendant obtained his discharge. The single question presented by the exceptions is, did the discharge thus procured by the defendant discharge the debt due the plaintiff evidenced by the note? We think it is clear that it did not. It is now fully established by the decisions of the United States Supreme Court, and of most of the state courts of last resort that state insolvent laws can have no jurisdiction beyond the limits of the state in and for which they were enacted, and that if the debt is of such a

character that it follows the person of the creditor, no matter where made, or where to be paid, to give a state insolvent court jurisdiction of the debt it must have jurisdiction of the owner of the debt. At one time it was held by the Supreme Court of Massachusetts that if the debt were created and to be discharged in that state, the state insolvent court had jurisdiction to discharge the debt notwithstanding its situs was with the person of the owner and the owner did not reside in the state and did not take any part in the proceedings which resulted in granting the discharge. This doctrine was expressly denied by the United States Supreme Court in *Baldwin* v. *Hale*, 1 Wall. 223; and it was held that to discharge such a debt, it was necessary that the court of insolvency should obtain jurisdiction of the owner of the debt, which could be obtained only when he resided in the state, or submitted to its jurisdiction by proving his debt, or otherwise becoming a party to the proceedings. That case arose in the state of Massachusetts, and was taken to the United States Supreme Court from United States Circuit Court of that state. This decision has been generally followed, and has been substantially followed in this State in *Bedell & Warden* v. *Scruton*, 54 Vt. 493; *McDougal & Young* v. *Page*, 55 Vt. 187. See also other cases cited by plaintiff's counsel. The statute, R. L. s. 1856, cannot be given force beyond the jurisdiction which the court obtained over the plaintiff at the time the petition was filed. It then had and could have no jurisdiction over the plaintiff. He was then a resident and citizen of another jurisdiction. He did not in any way submit to the jurisdiction of the court.

The judgment of the County Court is affirmed.