---

PHŒNIX NATIONAL BANK OF PROVIDENCE *vs.* ALFRED H. BATCHELLER & another.

Suffolk.    March 17, 18, 1890. — June 20, 1890.

Present: FIELD, DEVENS, W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Insolvent Debtor — Discharge — Non-resident Creditor — Promissory Note.*

A discharge in insolvency under the Pub. Sts. c. 157, §§ 80, 81, is no bar to an action upon a promissory note made here by the insolvent debtor, who is a citizen of this State, and here payable, given by him to a citizen of another State, who has not proved his claim in insolvency.

HOLMES, J.    This is an action by a Rhode Island national bank, upon a promissory note payable in Massachusetts, and made here by the defendants, citizens of this State. The defence is a discharge in insolvency in this State. It is admitted that the plaintiff did not prove its claim upon the note, and the only question is whether, under these circumstances, the discharge is a bar. It was argued for the defendants, that the decisions of the Supreme Court of the United States that discharges in such cases are not generally valid against citizens of other States do not go upon any constitutional ground, but upon

mistaken views of what is called private international law, and therefore are not binding upon us; and we were asked to reconsider *Kelley* v. *Drury*, 9 Allen, 27, in which this court yielded its earlier expressed opinion, and followed the precedent of *Baldwin* v. *Hale*, 1 Wall. 223. See also *Guernsey* v. *Wood*, 130 Mass. 503; *Maxwell* v. *Cochran*, 136 Mass. 73.

There is no dispute that the letter of the discharge and of our statute covers the plaintiff's claim; Pub. Sts. c. 157, §§ 80, 81; and the argument in favor of giving them effect according to their letter is, that unless the statute is void we are bound to follow it; that the law of the place where the contract is made and is to be performed, which is in force at the time of making and for performing it, enters into the contract so far as to settle everywhere what acts done at that place shall discharge it (*May* v. *Breed*, 7 Cush. 15); and that a discharge in accordance with that law cannot be said to impair the obligation of a contract which contemplated it, or to deprive the contractee of property without due process of law when that property was created subject to destruction in that way.

We express no opinion upon the weight of this argument. Although it formerly prevailed with this court, (*Scribner* v. *Fisher*, 2 Gray, 43; *Burrall* v. *Rice*, 5 Gray, 539,) it may be that there is a distinction as to a discharge by legal proceedings. It may be that statutes providing for a discharge by an insolvency court do not enter into the contract in such a sense as to bind the contractee to adopt and submit himself to the jurisdiction as an implied condition of the promisor's undertaking. It does not follow, because the discharge, if effective, does not impair the obligation of the contract, that absolute liability to it is a part of the substantive obligation. The substantive promise and the obligation of the contract are different things; and apart from this consideration it may be that by sound principle the plaintiff is to be taken to have subjected itself to Massachusetts proceedings only to the extent that, if the Massachusetts courts could acquire jurisdiction over it in the ordinary modes by which jurisdiction of the person is acquired, it would be bound everywhere by a discharge granted here.

However this may be, we see no sufficient reason for departing from what has been accepted as the law for a quarter of a

century.   We agree that, consistently with our duty, we cannot yield our opinion upon new questions not subject to the final jurisdiction of the Supreme Court of the United States solely out of a desire for uniformity.   But when we are asked to over-rule a decision of our own court which has been acquiesced in for so long, we should have to be very sure, before doing so, not only that the decision was wrong, but also that the Supreme Court of the United States, whatever we may think about it, either would not regard our decision as subject to review by them, or would abandon opinions which they have expressed repeatedly, and down to the latest volume of their reports.

We should hesitate to overrule *Kelley* v. *Drury*, even if we were ready to say that we disagreed with the principle of *Baldwin* v. *Hale*, and that we thought our decision not subject to review.   For when in a particular case the precedents are settled in favor of uniformity, the fact that they do conform to the decisions of the Supreme Court of the United States is a most powerful secondary reason for not disturbing them, and would be likely to outweigh our private opinions upon the original matter.   There is, too, a particular reason for uniformity in the present case, because it is manifest that, practically at least, the general validity of the discharge, that is, its effect outside this Commonwealth, depends upon the decision of other courts than this, and that the decision of the United States court upon that question is of more importance than that of any other.

The often repeated view of the Supreme Court of the United States is, that discharges like the present are void for want of jurisdiction, and that statutes purporting to authorize them are beyond the power of the States to pass.   *Baldwin* v. *Hale,* 1 Wall. 223, 233.   *Baldwin* v. *Bank of Newbury,* 1 Wall. 234.   *Gilman* v. *Lockwood,* 4 Wall. 409.   *Denny* v. *Bennett,* 128 U. S. 489, 497.   *Cole* v. *Cunningham,* 133 U. S. 107, 115.   Whether that court would regard a decision to the contrary by a State court as subject to review by them upon constitutional grounds, does not appear very clearly from any language of theirs which has been called to our attention, unless it be the following, repeated in *Baldwin* v. *Hale,* 1 Wall. 223, 231, from *Ogden* v. *Saunders,* 12 Wheat. 213, 369 : " But when, in the exercise of that power, the States pass beyond their own limits, and the rights of their own

citizens, and act upon the rights of citizens of other States, there arises a conflict of sovereign power, and a collision with the judicial powers granted to the United States, which renders the exercise of such a power incompatible with the rights of other States and with the Constitution of the United States." This is somewhat emphasized as the deliberate view of the court, not only by its original mode of statement, but by their adhesion to it after the dissent of Chief Justice Taney in *Cook* v. *Moffat*, 5 How. 295, 310. See *Scribner* v. *Fisher*, 2 Gray, 43, 47.

This language certainly gives the impression that our decision would be regarded as subject to review, possibly on the ground of an implied restriction on the power to pass insolvent laws reserved to the States (*Denny* v. *Bennett*, 128 U. S. 489, 498); possibly on the ground that the discharge would impair the obligation of contracts with persons not within the jurisdiction (*Cook* v. *Moffat*, 5 How. 295, 308); possibly by reason of the Fourteenth Amendment (*Pennoyer* v. *Neff*, 95 U. S. 714); possibly on some vaguer ground. We feel the force of the reasoning quoted from *Stoddard* v. *Harrington*, 100 Mass. 87, 89, but that case did not profess to weaken the authority of *Kelley* v. *Drury*, and, moreover, the question which we are now considering is not what would be our own opinion, but what seems to be the opinion of the Supreme Court of the United States.

The decision in *Kelley* v. *Drury* did not go upon any nice inquiry whether it was subject to review, but upon the ground that this court deferred to the decision of the Supreme Court of the United States, that discharges like the present were not binding outside the jurisdiction, and that, this being so, a discrimination should not be made in favor of our citizens in proceedings in the State court in distinction from proceedings in the courts of the United States.

This last proposition was conceded by the senior counsel for the defendant. But as some doubt was thrown upon it in the printed brief, we repeat what was again intimated in *Murphy* v. *Manning*, 134 Mass. 488, that there is nothing in the law affecting the question before us which indicates an intent to refuse foreign creditors access to the courts of Massachusetts as a merely local rule of procedure, or otherwise than as a consequence of the substantive right having been barred by the

discharge. The form of the discharge in the Pub. Sts. c. 157, § 80, and the language of § 81, address themselves directly to the substantive right, and declare the debtor discharged from the specified debts. It being settled that the plaintiff's debt is not barred, an action can be maintained to recover it in a State court.                              *Judgment for the plaintiff.*

*J. Lowell & H. R. Bailey*, for the defendants.

*L. L. Scaife*, for the plaintiff.