CHARLES S. PULLEN *vs.* LEWIS J. HILLMAN.

Piscataquis.    Opinion December 16, 1891.

*Insolvency.    Discharge.    Foreign Creditor.    Jurisdiction.    R. S., c. 70, § 44.*

A court of insolvency has no jurisdictional power to discharge an insolvent debtor, from a debt due a resident of another State, who did not prove his claim in the insolvency proceedings, even though at the time of the contraction of the debt, the creditor was a resident of this State, and the debt is payable here.

ON REPORT.

Assumpsit upon a promissory note given by the defendant at Monson, Piscataquis county, March 31, 1888, payable to the plaintiff, then a resident of the same town, at the Kineo National Bank of Dover, in said county.   The writ is dated August 30, 1890.   The plaintiff removed April 15, 1889, from the State to New York where he has ever since been a citizen of that State, residing at Cortland.

After the plaintiff's removal from the State and on the ninth day of January, 1890, the defendant obtained a discharge in the court of insolvency, upon his petition filed in that court June 3, 1889.   This discharge was pleaded in bar of the plaintiff's action.   It was admitted that the plaintiff did not prove his debt in the insolvent court nor appear in any of its proceedings.

*Henry Hudson*, for plaintiff.

*J. F. Sprague*, for defendant.

Counsel cited : *Scribner* v. *Fisher*, 2 Gray, 43 ; *Brigham* v. *Henderson*, 1 Cush. 430 ; *Converse* v. *Bradley*, *Ib.* 434 ; *Stoddard* v. *Harrington*, 100 Mass. 88 ; *Brown* v. *Bridge*, 106 Mass. 563.

EMERY, J.   The contract which is the subject of this action, was made within this State between citizens of this State, and was to be performed within this State.   Subsequently, the promisor, the defendant, after regular proceedings in the proper court of insolvency in this State, was granted by that court a discharge from all his debts under R. S., ch. 70, sec. 44.   This

discharge was properly pleaded in bar of this action, and it is conceded that it would be an effectual bar, if the promisee, the plaintiff, who was a citizen of this State at the time of making the contract, had also been a citizen of this State at the time of the proceedings in the court of insolvency. But the plaintiff after the making of the contract, and before the beginning of the insolvency proceedings, had changed his residence from Maine to New York, and had become a citizen of the latter state and had not since been in Maine. He did not prove his claim under this contract in the insolvency court, nor in any way appear therein.

. It is urged that, as the contract was made in Maine, to be performed in Maine, and both parties were citizens of Maine at the time, they must be held to have contracted with reference to the then existing insolvency law of Maine, which provided for this discharge from the contact. It is argued that the insolvent law should be read into the contract, and that therefore the contract must be held to stipulate for such a discharge as is here pleaded.

We think, however, the question is not one of the interpretation of a contract or statute, but is one of jurisdiction. Did the court of insolvency have the jurisdiction to discharge the defendant from this contract?

After much discussion by courts and jurists, and after some conflict of opinion, it must now be considered fully and firmly established as a general proposition that a state cannot give its courts any jurisdictional power to discharge a citizen of such state from his obligation to a citizen of another state, when the latter has not in anyway submitted himself or his claim to such court. This proposition is not modified by the circumstance that the contract was made and was to be performed in the State in which the debtor resides. The place of the citizenship of the parties, not the place of the making or performing the contract, defines the jurisdiction of the court. All this is now so well settled by authority, that it is not advisable to occupy space in repeating or even epitomizing the reasoning by which the courts finally reached this conclusion. The citation of a

few cases out of many, should be sufficient. *Felch* v. *Bugbee*, 48 Maine, 9; *Hills* v. *Carlton*, 74 Maine, 156; *Phoenix Bank* v. *Bacheller*, 151 Mass. 589; *Baldwin* v. *Hale*, 1 Wall. 223; *Gilman* v. *Lockwood*, 4 Wall. 409; *Denny* v. *Bennett*, 128 U. S. 489.

Does the additional circumstance in this case, that the plaintiff was a citizen of this State at the date of the contract, though not at the date of the insolvency proceedings, give the court of insolvency jurisdiction over his claim under this contract? To so hold, is to hold that one who was a citizen of this State when he acquired here contractual rights, choses in action, against another citizen of this State leaves them behind him in this State subject to be discharged by the courts of this State without notice to him after he has become a citizen of another state. It is to hold that he, who was once a citizen of this State, cannot remove himself and his property from its jurisdiction. It is to hold, that a citizen of another state coming into this State and making contracts here, to be performed here, has greater immunities than a citizen of our own State. Neither reason nor authority leads us to such a conclusion.

A state may indeed grant its courts jurisdiction over lands and goods within its limits, though the owner may reside beyond those limits. Such objects are visible and tangible, and though the title to them may follow the owner, the thing, the substance, is within the State. They have a situs. They can be taxed where they are situated. In such cases the owner may be presumed to have left such property in the possession of a local tenant or agent. But even then, the specific property to be affected by the judgment of the court must be attached upon process, and such notice given as is feasible.

Contractual rights, obligations, mere choses in action, however, are not visible nor tangible, nor local. They have no situs. They do not exist as things, as substances, within any territorial limits. They follow the person of the creditor. They are his wherever he lives. *Saunders* v. *Weston*, 74 Maine, 85. Even the taxing power of the State in which the debtor resides cannot reach them. Only the state of the creditor's

residence can deal with them, at least during the life time of the creditor.  *Osgood* v. *Maguire*, 61 N. Y. 524 ; *Bond Tax cases*, 15 Wall. 300 ; *Tappan* v. *Bank*, 19 Wall. 490.  The only court, therefore, that can effectually discharge such a claim, is the court that has jurisdiction over the person of the creditor himself.  But unless the creditor voluntarily submits to the jurisdiction of the court, by taking some part in the proceedings before it, jurisdiction can only be acquired by service of process upon him within the territorial limits of the state establishing the court.  Beyond those limits, no process of any court has any force in acquiring jurisdiction of the person.  This proposition is firmly settled by authority as well as by reason.  *Lovejoy* v. *Allen*, 33 Maine, 414 ; *Baldwin* v. *Hale*, 1 Wall. 223 ; *Pennoyer* v. *Neff*, 95 U. S. 714.

Ability to serve process within the State is, therefore, the test of the court's power to acquire jurisdiction in any proceeding.  If at the beginning of the insolvency proceedings, the process of the court of insolvency could have been served on the plaintiff within the State, the court could have acquired jurisdiction over him by such service.  The situation at that time, not at the date of the contract, is the criterion.  If the plaintiff was then a citizen of this State, he could have been served with process and subjected to the jurisdiction of the court, although he may never before have been within the State, and although the contract may have been made, and was to be performed in another state.  So much will be conceded by the defendant.  But it follows, that if the plaintiff was not then a citizen of this State, (at the time of the insolvency proceedings,) no process could have reached him and he could not be subjected to the court's jurisdiction even though for all his life before, he may have resided within the State.

The defendant's counsel strenuously urges that such a conclusion will work great hardship upon a debtor by enabling his home creditors to avoid his insolvency proceedings by removing from the State.  If this be a hardship, the remedy is with congress in the enactment of a uniform bankrupt law for all the states. The court cannot usurp the power or jurisdiction it does not have.

Counsel also relies upon *Stoddard* v. *Harrington*, 100 Mass. 88, and upon some *dicta* in later opinions of the United States Supreme Court. The *dicta* have little weight, as the precise question was evidently not in the mind of the justices writing the opinions.

The length of this opinion shows our respect for the eminent court which pronounced the judgment in *Stoddard* v. *Harrington*, but we think that decision cannot be sustained, and that it must be overruled when the same question is again presented to that court. On the other hand our conclusion is in harmony with that reached by the courts of New Hampshire and Vermont upon the same question. *Norris* v. *Atkinson*, 64 N. H. 87 ; *Roberts* v. *Atherton*, 60 Vt. 563.

*Defendant defaulted.*

PETERS, C. J., VIRGIN, LIBBEY, FOSTER and WHITEHOUSE, JJ., concurred.