**FARRAR et al. v. BYARS et al. (No. 8771.)**

(Court of Civil Appeals of Texas. Dallas. March 17, 1923.)

**1. Husband and wife ⊗⊃276(1)—Administration of community estate held legal, though application showed no community debts.**

Notwithstanding the possible necessity under Rev. St. art. 3294, to show that indebtedness existed against a decedent estate before letters of administration will be granted, under article 3595, providing for an application for a community administrator, the necessity for the administration is required to be shown only by an allegation that decedent left a surviving child.

**2. Appeal and error ⊗⊃920(1)—Inferable from facts that order approving inventory and appraisement of community property was approved and entered.**

On appeal from a judgment against a community administrator and his bondsmen, wherein it was contended that judgments should be reversed because the record does not disclose an order approving an inventory and appraisement, but it appears that the inventory and appraisement were recorded in the proper minutes and there was no affirmative proof that no such order was entered by the court, it is fairly inferable that the order approving the inventory and appraisement was duly entered.

**3. Appeal and error ⊗⊃500(2)—Matters, concerning which record is silent, not considered.**

Where pleas of abatement were filed, but the record does not show any action taken by the court thereon, nothing is presented for consideration on appeal.

**4. Parties ⊗⊃78—No nonjoinder because all interested not parties plaintiff in suit against community administrator.**

Where the interest of children in an estate of their mother, alleged to have been converted by their father, was several and not joint, there was no nonjoinder of parties because all of those who had a right to recover against defendant and sureties on his bond did not join as plaintiffs.

**5. Limitation of actions ⊗⊃55(5)—Plea of limitation held not good.**

Where property alleged to have been converted by the survivor of a community was not finally disposed of until its sale to a third person, and four years had not elapsed from the date of the sale until the filing of the suit, a plea of limitation was not good.

**6. Husband and wife ⊗⊃276(9)—No defense to suit against community administrator and sureties that estate had not been closed.**

In suit against a community administrator and his sureties alleging a conversion of plaintiff's property, the fact that the administration had not been closed, and that until it was finally closed a suit could not be maintained, was not a defense.

Appeal from Hill County Court; W. L. Wray, Judge.

Suit by R. D. Byars and others against R. H. Farrar and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

Wear, Wood & Wear, of Hillsboro, for appellants.

N. J. Smith, of Hillsboro, for appellees.

JONES, C. J. This suit was filed in the county court of Hill county, Tex., by Tennie Byars, joined by her husband, R. D. Byars, Mamie Pattie, a feme sole, and Helen Farrar, a minor, by next friend, R. D. Byars, against R. H. Farrar and appellants J. W. Spalding and J. C. Harper, on the following state of facts:

---

⊗⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

R. H. Farrar and Melinda Farrar were husband and wife, and appellees are three of the seven children born to them. Mrs. Melinda Farrar died in Hill county on the 18th day of July, 1913, and left surviving her said husband and the said children, all of whom were living at the time this suit was filed. At the time of the death of Mrs. Melinda Farrar, she and her husband owned 11½ acres of land which was their community property, and on which they lived and maintained their homestead. They also owned a small amount of personal property.

In September, 1913, R. H. Farrar duly qualified as community administrator upon the estate of himself and his said deceased wife. In compliance with the order of the probate court of Hill county, as such administrator, he executed a bond in the sum of $2,157 with appellants Spalding and Harper as sureties. As such community administrator, he sold the said land to A. W. Boston for the sum of $1,800, executing the deed both in his individual capacity and as community administrator of the community estate of himself and deceased wife. The personal property owned by the community at the time of the death of Mrs. Melinda Farrar consisted of cash in the sum of $57 deposited in a bank, three head of cattle of the value of $100, and approximately $350 worth of household and kitchen furniture. The latter item was not included in the inventory filed, and the bond was less than the value of this estate in an amount equal to this sum. The real estate was valued in the inventory at $2,000. Of this property the said Farrar owned a one-half interest as survivor of the community. The said Farrar never accounted to any of the heirs for any of the proceeds of the community, though demand for payment of their share of the estate was made on him by appellees before the suit was instituted.

The date of the deed from Farrar to Boston was the 8th day of April, 1916. Previous to this, two other sales of this land had been made by Farrar to J. E. Bodiford, but in each instance the property had been reconveyed by Bodiford to Farrar and the notes given in part payment therefor canceled. There were no debts owing by the community at the time of the death of Mrs. Farrar.

[1] Appellants claim by their first assignment of error that the petition shows on its face that there was no legal administration of this community estate, for the reason, as shown both by the petition and the evidence, that there were no debts chargeable against the community either at the time of the death of Mrs. Farrar or at the time the suit was filed; also, that all of the property was exempt to the survivor, and that, for both of these reasons, the county court had no jurisdiction over the estate and the attempted administration thereon was void, and the bond executed by appellants as sureties had no legal existence and was therefore void. Appellants duly requested peremptory instructions in their favor, and the court's refusal to so charge the jury is duly assigned as error.

With this contention of appellants we cannot agree. Title 52 of our Revised Statutes deals with the subject of estates of decedents. Chapter 6 of said title provides for letters testamentary and for letters of administration. Chapter 29 of said title authorizes the appointment of an administrator of community property. This latter is a different character of administration from that dealt with by chapter 6. Article 3294 prescribes, what facts must appear before the court is authorized to grant letters of administration under said chapter 6. Article 3595 prescribes what facts must appear in an application for community administration under said chapter 29.

Article 3294 is as follows:

"Before granting letters of administration, it must appear to the court:

"1. That the person is dead.

"2. That four years have not elapsed since his decease prior to the application.

"3. That the court has jurisdiction of the estate.

"4. That there is a necessity for an administration upon such estate.

"5. That the person to whom the letters are about to be granted is entitled thereto by law and is not disqualified.

"The first three subdivisions of this article have no application when letters testamentary or of administration have been previously granted upon such estate by said court."

Article 3595 is as follows:

"The husband shall, within four years after the death of the wife, or her being declared insane, as provided by law, when there is a child, or children, file a written application in the county court of the proper county, stating:

"1. The death of the wife, or that she has been declared insane by a court of competent jurisdiction, and the time and place of her death or of such declaration.

"2. That she left a child or children, giving the names, sex, residence, and age of each child.

"3. That there is a community estate between the deceased or insane wife and himself.

"4. Such facts as show the jurisdiction of the court over the estate.

"5. Asking for the appointment of appraisers, to appraise such estate."

It will be noted that the application for letters of administration under article 3294 must contain a paragraph showing the necessity for the granting of the administration. It is perhaps necessary under this article to show this necessity by showing that an indebtedness exists against the estate of the decedent. It will be noted that under article 3595 the necessity for the administration is only required to be shown by an allegation that the decedent left surviving a child, or children. Under this latter statute, whenever the application of the surviving spouse shows to the court that the other spouse is

dead, that there is left surviving a child or children, that there is a community estate between the deceased and the applicant, and that this estate is within the jurisdiction of the court, the appointment of a community administrator is imperative. The question as to whether or not there were debts owing by the community cannot even by implication be held as a prerequisite to the action of the court in appointing the community administrator. The primary object of a community administration is not the payment of debts. Its object is to permit the survivor to control, manage, and make disposition of the community property without the intervention of guardianship proceedings and without further action of the probate court. The surviving child or children, and the creditors of the community, if there be any, are made secure in their rights by the bond required by the statute to be executed and filed of record. All of the facts prescribed by said article 3595 as necessary to be shown to the court, in order that Farrar, the survivor of the community, might be appointed community administrator in the instant case, were made known to the court, and the bond executed by the administrator and signed by appellants as sureties became a binding and legal obligation and enforceable against these said sureties in case of a default by the principal in its provisions.

[2] Appellants contend that this case should be be reversed and remanded for the reason that the record does not disclose that the court entered an order approving the inventory and appraisement. It is true that it does not affirmatively appear from the record that such order was entered. It does, however, appear that the inventory and appraisement was recorded in the proper probate minutes of Hill county, and there is no affirmative proof that no such order was entered by the court. From this fact, we think it is fairly inferable that the order approving the inventory and appraisement was duly entered.

[3, 4] Appellants filed pleas in abatement, but the record does not show that the court took any action on the pleas, and hence this matter cannot be considered by this court. However, a general demurrer to appellees' petition was overruled by the court and error duly assigned on this action. It is contended (1) that the petition shows on its face that there was a misjoinder of parties, in that the plaintiffs could not be joined in the same suit. Under our very liberal procedure in the matter of joinder of parties, this was not error. (2) It is further urged that if it should be held that there was no misjoinder of parties plaintiff in this suit, then it follows that there is a nonjoinder of parties plaintiff, because all of those who have a right to recover against appellants, as sureties on this bond, do not join as plaintiffs and are not parties to this suit. It is true that all of the children of the deceased wife are proper parties to this suit, but are they necessary parties? Their interests in the proceeds of this estate were converted by their father. This interest was several and not joint. The amount due each child from this converted money is fixed by law and the value of neither dependent on the value of the other. If appellants desired to have the other children as parties to this suit so that the rights of all could be determined in one suit, they could have made them parties. This assignment of error is overruled.

[5] We also hold that appellants' plea of limitation was not good. The property was not finally disposed of until the sale to Boston and four years had not elapsed from the date of this sale until the filing of the suit.

[6] Appellants seek a reversal of this case on the further ground that, as shown by the record, this administration has not been closed, and that until it is finally closed this suit cannot be maintained. This question has been decided by this court adversely to appellants' contention, and we overrule this assignment of error. Fidelity & Deposit Co. of Md. v. Risien, et al., 248 S. W. 1105 (recently decided by this court, but not yet officially reported); Am. Surety Co. of N. Y. v. Hardwick (Tex. Civ. App.) 186 S. W. 805.

Finding no reversible error, the cause is affirmed.