**STEGER et al. v. SHOFNER et al.**
No. 2245.

Court of Civil Appeals of Texas. Beaumont.
Nov. 17, 1932.

Crane & Crane, of Dallas, for plaintiffs in error.

J. M. Sanders and Sanders & McLeroy, all of Center, for defendants in error.

WALKER, J.

We take the following statement of the nature and result of this suit from the brief of plaintiffs in error:

"On March 3rd, 1931, V. B. Shofner, A. A. Doggett, J. A. Woodfin and C. C. Payne, residents of Shelby County, Texas, as plaintiffs, filed suit in the District Court of Shelby County, Texas, against The W. T. Rawleigh Company, which was alleged to be a foreign corporation domiciled in the City of Freeport, State of Illinois, and Farmers State Bank of Center, a Banking corporation incorporated under the laws of Texas, with its principal office and place of business in Center, Shelby County, Texas, as defendants.

"The cause of action alleged in the petition as against the defendant The W. T. Rawleigh Company was in effect that the plaintiffs A. A. Doggett, J. A. Woodfin and C. C. Payne had theretofore on or about January 6, 1930, signed a written contract as sureties, guaranteeing the payment of certain indebtedness due and to become due the defendant The W. T. Rawleigh Company from the plaintiff V. B. Shofner (described in said contract as Buren Shofner); that said surety agreement was void and unenforcible as against said sureties because the indebtedness secured thereby was incurred under a contract between Shofner and The W. T. Rawleigh Company, which violated the anti-trust laws of the State of Texas; that the original surety agreement was in the custody and possession of the defendant, Farmers State Bank of Center, Texas; that the defendant The W. T. Rawleigh Company was threatening to bring suit against plaintiffs for a claimed balance of $861.10, based on said surety agreement in some county of Texas other than Shelby County, Texas, and would do so unless restrained by injunction from so doing. The petition concluded with a prayer that the defendants Rawleigh Company and the Bank be cited to appear and answer; that a temporary injunction issue pending the suit restraining the defendant Rawleigh Company from in any manner attempting to enforce the provisions of said surety agreement and from filing suit on said surety agreement against plaintiffs during the pendency of said suit; that temporary injunction also issue restraining the defendant Bank from permitting the said surety agreement to be removed from Shelby County, Texas, and ordering said bank to immediately place the same with the District Clerk of Shelby County, Texas, until further order of the court; and that upon final hearing, the surety agreement be by decree of the court cancelled and declared void; and that the temporary injunctions be made perpetual.

"The petition was duly presented to the Honorable R. T. Brown, district judge, who indorsed his fiat thereon, directing the clerk to issue the temporary injunctions as prayed for upon plaintiff's executing bond in the sum of $500.00. Bond having been provided, temporary writs of injunction were duly issued; that, directed to the defendant bank, was served by the sheriff of Shelby County, Texas, on the 3rd day of March, 1931; and that, directed to the defendant The W. T. Rawleigh Company, was served in Freeport, Illinois, by Elmer L. Kailey, sheriff of Stephenson County, Illinois, on the 10th day of March, 1931. Nonresident notice to The W. T. Rawleigh Company was issued simultaneously with the writ of injunction, and was served in Freeport, Illinois, by Elmer L. Kailey, sheriff of Stephenson County, Illinois, at the time the writ of injunction was served. (Service both of notice and injunction was had in the manner provided by articles 2037, 2038, R. C. S. 1925.)

"No further process was served or attempted to be served upon either The W. T. Rawleigh Company or the Bank.

"The defendant bank filed its answer, averring that it had delivered the surety agreement to the clerk in obedience to the court's order, and prayed that it be discharged with its costs.

"The cause came on for trial August 11, 1931. The W. T. Rawleigh Company not having answered or entered its appearance therein, the court appointed the Hon. Dallas Ivy, a practicing attorney at the bar, to represent 'said nonresident defendant The W. T. Rawleigh Company,' who filed an answer in behalf of The W. T. Rawleigh Company, consisting of a general demurrer and general denial.

"The cause was tried before the court without a jury, and resulted in a judgment cancelling the surety contract and perpetuating the injunction theretofore issued restraining The W. T. Rawleigh Company from 'attempting to enforce any of the provisions of the aforesaid Surety Agreement in any of the courts of the State of Texas.'

"The judgment contained further recitals to the effect that since the service of the writ of injunction upon the nonresident defendant, The W. T. Rawleigh Company, the 'said The W. T. Rawleigh Company by and through its attorney, Thomas P. Steger, has filed suit in the County Court at Bonham in Fannin County, Texas, on the instrument above mentioned and involved in this suit against B. Shofner, (who the court finds to be the same person as V. B. Shofner) A. A. Doggett, J. A. Woodfin and C. C. Payne,' and that it was the order of the court 'that injunction now issue from this court directed to the Judge of the County Court of Fannin County, Texas, and his successors in office, and all other persons who may attempt to file suit or render judgment on said instrument be restrained under pains and penalties of the law from proceeding further with said cause so filed by The W. T. Rawleigh Company in the County Court of Fannin County, Texas, against the plaintiffs herein, which is cause No. 4097 on the docket of the County Court of Fannin County, Texas'. It was further ordered that the clerk of the court 'do forthwith issue a writ of injunction directed to said Thomas P. Steger and the County Judge of Fannin County, Texas, and his successors, directing them to desist and refrain from further prosecuting' said Fannin County suit, and 'from in any manner rendering judgment against any of the defendants as named in said cause No. 4097' (the county court suit).

"November 4, 1931, Thomas P. Steger and J. I. Warren filed with the clerk of the District Court of Shelby County, Texas, their petition for removal of said judgment to this Honorable court for revision and correction of errors therein, and filed therewith Writ of Error cost bond as required by law. Assignments of error were seasonably filed. Citations in error were duly issued on the petition and served on all parties adversely interested to petitioners as required by law."

### Opinion.

■ Defendants in error raise a jurisdictional question. The term of court at which this case was tried, as shown by the caption to the transcript, began on the 10th day of August, 1931, and adjourned on the 21st day of August, 1931. Judgment was rendered herein on the 11th day of August, 1931. On September 7, 1931, after the adjournment of court, plaintiffs in error filed their motion to set aside or modify the judgment as entered on the 11th day of August. On the 9th day of October, 1931, they filed herein the following pleading: "Come now Thomas P. Steger and J. I. Warren, County Judge of Fannin County, Texas, and hereby discontinue the motion heretofore filed in the above cause on September 7, 1931, and request that same be dismissed from the docket of said court."

No order was made by the trial court on either of these pleadings. On October 22, 1931, they filed herein their petition and bond for writ of error. On the ground that the court failed to make an order disposing either of the motion to set aside the judgment or the motion to dismiss that pleading, defendants in error insist that this court is without jurisdiction to entertain this appeal. This proposition is overruled. If the motion to set aside the judgment be construed as a motion for new trial, it was without legal effect because filed after the term of court at which the judgment was rendered had adjourned and at a time when the lower court had lost jurisdiction of its judgment except upon petition for review. If it be construed as in the nature of an independent action to set aside the judgment, the filing and prosecution of the writ of error constituted in law an abandonment of that proceeding. Radford v. Radford (Tex. Civ. App.) 42 S.W.(2d) 1060, 1064; Golden Rod Oil Co. v. Golden West Oil Co. (Tex. Com. App.) 293 S. W. 167.

■ There is no merit in the contention that the filing of the motion to set aside the judgment in the lower court by these plaintiffs in error constituted an appearance by the original defendant, W. T. Rawleigh Company. The motion in the lower court was filed by plaintiffs in error for themselves and in their own behalf only, and W. T. Rawleigh Company was in no way made a party to the motion. The principal contention made by the motion to set aside the judgment of the lower court was that the service had upon W. T. Rawleigh Company was insufficient to support the judgment. If that contention is sound, then plaintiff in error Steger, as attorney for W. T. Rawleigh Company, was not bound by the judgment, but, if the service was sufficient, then Steger was properly made a party to the injunction proceeding and the judgment against him was valid.

The judgment of the lower court sought to accomplish three things: (a) To cancel the indebtedness claimed by W. T. Rawleigh Company against defendants in error; (b) to cancel and annul the written contract of agreement evidencing the indebtedness; (c) to enjoin W. T. Rawleigh Company from forever prosecuting a suit in a court of this state for the claimed indebtedness. We believe the service had upon W. T. Rawleigh Company was insufficient to support, in any respect, the judgment awarded defendants in error granting the relief prayed for. That the courts of a state have no power to cancel obligations owing by its citizens to a nonresident creditor except upon valid personal service of notice upon the creditor within the limits of the state where the suit is brought is well established in our general jurisprudence. Pullen v. Hillman, 84 Me. 129, 24 A. 795, 796, 30 Am. St. Rep. 340; 32 C. J. 917. Therefore the judgment canceling the indebtedness must fall.

It is also well established that suits merely for the cancellation of contractual rights, obligations, or choses in action are personal "as distinguished from actions in rem." Morris v. Runnells, 12 Tex. 175; Vandever's Adm'rs v. Freeman, 20 Tex. 334, 70 Am. Dec. 391; Hart v. Sansom, 110 U. S. 151, 3 S. Ct. 586, 28 L. Ed. 101. In so far as this action was an effort to cancel the written contract of guaranty, it was strictly personal in its nature, and could have support only by personal service within the state.

Defendants in error erroneously insist that the written contract of guaranty was a "res," and that its physical presence in the state of Texas and its surrender to the clerk of the district court of Shelby county, Tex., constituted this an action in rem. The instrument of writing in issue was not a "res," but a mere chose in action evidencing the obligation and contractual rights between the parties thereto. Discussing property of this character and the essentials of service sufficient to support judgments adjudicating the rights of the parties interested therein, the Supreme Court of Maine, in Pullen v. Hillman, supra, said: "Contractual rights, obligations, mere choses in action, however, are not visible, nor tangible, nor local. They have no situs. They do not exist as things, as substances, within any territorial limits. They follow the person of the creditor. They are his wherever he lives. Saunders v. Weston, 74 Me. 85. * * * The only court, therefore, that can effectually discharge such a claim is the court that has jurisdiction over the person of the creditor himself. But unless the creditor voluntarily submits to the jurisdiction of the court, by taking some part in the proceedings before it, jurisdiction can only be acquired by service of process upon him within the territorial limits of the state establishing the court. Beyond those limits, no process of any court has any force in acquiring jurisdiction of the person. This proposition is firmly settled by authority as well as by reason. Lovejoy v. Albee, 33 Me. 414 [54 Am. Dec. 630]; Baldwin v. Hale, 1 Wall. 223 [17 L. Ed. 531]; Pennoyer v. Neff, 95 U. S. 714 [24 L. Ed. 565]."

This contract possesses property characteristics similar to promissory notes and checks. It is the law of this state that the ownership of notes and checks follows the domicile of their owner and do not constitute "money" or "effects" with a situs independent of the owner's domicile. It necessarily follows that the judgment of the lower court outlawing the guaranty contract was void.

The injunction awarded defendants in error against W. T. Rawleigh Company was also void. This feature of the judgment could operate against W. T. Rawleigh Company only in a personal way, and personal service within the state of Texas was essential to its validity. See authorities cited above.

On another ground the judgment against the county court of Fannin county was void. As the amount in question in this suit was within the jurisdiction both of the district court of Shelby county and of the county court of Fannin county, the district court of Shelby county was wholly without power to issue its injunction against the county court of Fannin county. Cleveland v. Ward, 116 Tex. 1, 285 S. W. 1063.

We agree with defendants in error that, since W. T. Rawleigh Company is not before us by this appeal, we are without jurisdiction to adjudicate the effect of the judgment as between it and them. But, since the lower court had no jurisdiction of the plaintiff in error Steger, except upon the theory of valid service against W. T. Rawleigh Company, Steger had the right to question the validity of the judgment in order that he might be released from the injunction awarded against him.

For the reasons stated, the injunction granted by the lower court against plaintiffs in error is dissolved, and the judgment against them reversed and here rendered in their favor.